## 67017. IN THE INTEREST OF J. S. S.

BANKE, Judge.

The appellant was adjudicated a delinquent by the Bibb County Juvenile Court after a hearing on petitions charging him with motor vehicle theft, robbery, and kidnapping. *Held:*

1. In his initial enumeration of error, the appellant contends that he was unfairly deprived of favorable testimony when the trial court, at the state's suggestion, advised Lewis Raulerson, an unrepresented co-defendant, of his constitutional rights as a witness. The witness had apparently been prepared to provide exculpatory testimony on the appellant's behalf; but after the trial court advised him of his rights and appointed counsel for him, he chose not to testify.

"It is manifest that if [the co-defendant] had been willing to take the stand and completely exonerate [the appellant] and had been precluded from doing so by the trial court, the absence of such exculpatory evidence would have been harmful to [the appellant]. Such an argument, however, ignores the constitutional protection of [the co-defendant's] right against self-incrimination as guaranteed by both the Fifth Amendment to the United States Constitution and the Georgia Constitution. Neither the trial court, the state, nor a co-defendant can compel another co-defendant to testify in favor of the calling co-defendant, . . . for to do so violates those very constitutional protections." *Johnson v. State,* 159 Ga. App. 819 (6) (285 SE2d 252) (1981).

The trial court's explanation to the co-defendant was clearly appropriate under the circumstances and violated no right of the appellant. We further reject the appellant's argument that under the circumstances the state was required to grant immunity to the co-defendant in return for his testimony. "Under Georgia law, the district attorney has discretion to grant immunity to witnesses for the state. Code Ann. § 38-1715 [OCGA § 24-9-28]. Our statutes provide no such discretion to the court and, further, make no provision for a grant of immunity to defense witnesses." *Dampier v. State,* 249 Ga. 299, 300 (290 SE2d 431) (1982).

2. The appellant contends that the evidence is insufficient to support the finding that he was delinquent. His argument here, consistent with his defense at trial, is that although he was present during the commission of the offenses, he did not participate in them. From all of the evidence presented at the hearing, it would appear that co-defendant Lewis Raulerson was the principal actor in the crimes. There was, however, testimony indicating that the appellant took part in the planning of the crimes and was present when the

victim was robbed, tied to a tree, and abandoned. The evidence also shows that after the robbery and kidnapping, the appellant and Raulerson travelled to Florida together in the victim's car, where they were captured some days later. This evidence of the appellant's conduct before, during, and after the offenses was sufficient to support the court's finding that he was a participant. Cf. *Jones v. State,* 242 Ga. 893 (1) (252 SE2d 394) (1979). See generally OCGA § 16-2-20 (Code Ann. § 26-801).

3. The appellant filed a motion for a change of venue, contending that the conduct in question took place in Jones County rather than in Bibb County. In response, the state stated that it intended to prove venue in Bibb County as part of its case. The court ruled that even though the burden of proving the situs of the acts was on the state, it would require the defense to support its motion for change in venue by evidence before proceeding further. This ruling is enumerated as error.

The fact the delinquent acts took place in Bibb County was properly established at the hearing on the merits of the petitions, and no evidence was presented at any time to suggest that the offenses occurred elsewhere. This enumeration of error consequently establishes no ground for reversal.

4. The appellant further contends that a proper foundation was not established for the introduction of an aerial photograph into evidence. The state presented a witness who testified as to his familiarity with the area in question and stated that the photograph accurately depicted the area. This constituted a proper foundation. See generally, *Johnston v. State,* 232 Ga. 268 (1) (206 SE2d 468) (1974).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 6, 1983.

*John R. Francisco,* for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.