### 74745. IN THE INTEREST OF J. L. B.
(361 SE2d 236)

BENHAM, Judge.

Appellant is one of three brothers named in petitions of delinquency. The brothers were tried jointly and all were represented by the same attorney. One brother, A. B., admitted his involvement in the various offenses with which he was charged. After the State presented its evidence and rested, the attorney for the brothers called A. B. to the stand. Although A. B. acknowledged he was aware of his constitutional right not to incriminate himself, the trial court refused to permit A. B. to testify. The allegations of delinquency against appellant and his other brother were sustained by the trial court. Contending that A. B.'s testimony would have exonerated him as to one charge of delinquent behavior and that he had been denied due process of law, appellant seeks reversal of the finding of delinquency on that one charge. The State agrees that the finding of delinquency on the one count should be reversed.

" 'It is manifest that if the co-defendant had been willing to take the stand and completely exonerate the appellant and had been precluded from doing so by the trial court, the absence of such exculpatory evidence would have been harmful to the appellant.' " *In the Interest of J. S. S.*, 168 Ga. App. 340 (1) (308 SE2d 855) (1983). A. B. was informed of his constitutional rights under the Fifth Amendment but did not testify because the trial court refused to allow him to do so. This was harmful error, and the finding of delinquent behavior concerning the theft of the Arnold automobile must be reversed.

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 16, 1987.

*L. James Weil, Jr.*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.