MILLER *v.* McGHEE COTTON COMPANY.

1. Where one signs an agreement to sell and deliver at a future date a certain number of bales of cotton at a specified price, and the agreement is not then signed by the purchaser, but the latter afterwards enters on the agreement in writing that he has received a specified amount of the

cotton agreed to be delivered, and signs the entry so made, this amounts to an acceptance of the contract on the part of the purchaser, and the contract becomes binding on both parties.

(a) And where the contract has been assigned in writing by the purchaser, it becomes enforceable ·in the hands of the transferee against the maker.

(b) In view of the above rulings, it is unnecessary to decide whether there was a parol acceptance of the contract by the parties seeking to enforce it.

2. Where a contract for the sale of cotton contains a "request" by the seller that the purchaser, on failure to deliver the cotton, go into the market and buy the number of bales sold and charge the same to the account of the seller, "and, after selling the cotton at above-named price and crediting me with same, I agree to pay the difference," such "request" rather confers on the purchaser the authority to purchase than binds him to do so.

3. The verdict is supported by the evidence.

DECEMBER 17, 1915.

Complaint. Before Judge Fite. Gordon superior court. August 27, 1914.

*J. G. B. Erwin*, for plaintiff in error. *J. M. Lang*, contra. ·

HILL, J. The McGhee Cotton Company brought suit against E. B. Miller, and alleged in substance as follows: On September 18, 1909, the defendant entered into a contract with W. B. Floyd, which contract Floyd afterwards transferred to the plaintiff. A copy of the contract, with the entries thereon, is as follows:

"Plainville, Ga., 9/18/09.

"I have this day sold to W. B. Floyd fifteen bales of cotton, grade 5 & 6 S, one half each, at (12) twelve cents per pound, to be delivered at McGhee's Warehouse, Rome, Ga. Said cotton to be delivered by November 25, 1909, weight of bales not to be less than 450 pounds, not more than 500 pounds per bale. Should I fail to deliver said cotton at the time specified, I request W. B. Floyd to go into market and buy the above number of bales and charge the same to my account, and, after selling the cotton at above-named price, and crediting me with same, I agree to pay the difference, and I hereby agree to pay said W. B. Floyd fifty (50) cents per bale additional to the above for his trouble.

[Signed] . E. B. Miller."

"Received on the within contract 6 bales of cotton. 1909.

[Signed] W. B. Floyd."

"I hereby transfer the within contract to McGhee Cotton Company, of Rome, Ga., the amount due on said contract being nine bales. July 14th, 1910,                [Signed]        W. B. Floyd."

It was alleged that the defendant failed to comply with his contract and refused to deliver nine bales of cotton covered by the contract. The nine bales of cotton which the defendant failed to deliver were worth, Nov. 25, 1909, 15 cents per pound, and the failure to deliver damaged plaintiff in the sum of three cents per pound, amounting to $126, besides interest, etc. Plaintiff prayed a judgment for this amount.

The defendant filed an answer, averring, among other things, that the contract he signed was not to become binding between himself and Floyd unless defendant's father, W. J. Miller, should also sign the contract agreeing to deliver nine bales of the cotton, and defendant denied that he agreed to deliver the nine bales of cotton. He denied that he agreed to deliver the cotton as alleged; and denied that cotton was worth 15 cents per pound on the date for delivery, and that he had damaged the plaintiff as alleged. The defendant also demurred to the petition, on the grounds that the contract sued on was executory and without consideration, was unilateral, and was lacking in mutuality; that it was a mere offer to sell, that the buyer, under the terms of the contract, was not bound to take and pay for the cotton, the contract being nudum pactum and without binding force; that acceptance of the contract by the buyer obligated him to go into the market and buy cotton on Dec. 25, the date of the maturity of the contract, and charge the cotton so bought to the account of the defendant, and a failure on the part of the buyer to comply with the contract in this respect released the seller, the buyer having elected in this respect by not buying. The court overruled the demurrer, and the defendant excepted. The case proceeded to trial, and the jury returned a verdict for the plaintiff for the sum of $40.50 principal, and $4.50 interest. The defendant made a motion for a new trial, which was overruled, and he excepted.

1. We do not think that the contract sued on is open to the objection that it is unilateral and unenforceable under the facts of this case. It will be noted that after the contract was signed by E. B. Miller, W. B. Floyd made the following entry on it: "Received on the within contract 6 bales of cotton. [Signed] W. B. Floyd." Even if the contract was not binding before, when Miller tendered and Floyd accepted the 6 bales of cotton, and Floyd made an entry of the receipt of the cotton on the contract, it became bind-

ing on both parties. In this view of the case, it is unnecessary to decide the contention as to whether there was a parol acceptance of the contract by the parties seeking to enforce it.

2. The contract provided that should Miller fail to deliver the cotton at the time specified, "I request W. B. Floyd to go into market and buy the above number of bales and charge the same to my account, and, after selling the cotton at above-named price and crediting me with same, I agree to pay the difference, and 1 hereby agree to pay said W. B. Floyd fifty (50) cents per bale additional to the above for his trouble. [Signed] E. B. Miller." It is insisted that under the terms of the contract Floyd, or his transferee, was bound to go into the market and buy this cotton, or do some other act of acceptance, else he would not be bound; and as the plaintiff was not bound, Miller necessarily was not bound. As already pointed out, when Floyd received the cotton and made the entry on the contract, it bound him; and when he transferred the contract to the McGhee Cotton Company, which accepted it, they also became bound. Besides, the "request" for Floyd to buy cotton on failure of Miller to deliver it rather conferred the authority on the former to buy than bound him to do so. The failure of the transferee to purchase other cotton will not render the contract unenforceable.

Certain charges of the court were complained of as being unauthorized and erroneous; but in view of what has been said above and of the fact that the charges complained of were in substantial accord with the rulings herein made, and were authorized by the evidence, they were not erroneous. The verdict is supported by the evidence, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*