## 38367. DAMPIER v. THE STATE.

CLARKE, Justice.

Appellant Kenny Dampier was arrested along with Kenny Dickey and Karen Batton and charged with murder, auto theft and armed robbery in February, 1977. Charges against Karen Batton were dismissed, and she never testified at any hearing. Dickey and Dampier were tried separately. Dickey was convicted of murder and sentenced to life imprisonment. Appellant Dampier was convicted of murder and given the death penalty. This court affirmed. 245 Ga. 427 (265 SE2d 565), cert. denied 449 U. S. 938, reh. den. 449 U. S. 1119 (1980). This court's decision in *Dampier v. State* was supplemented in 245 Ga. 882 (268 SE2d 349) (1980).

Dampier filed an extraordinary motion for new trial. He moved for a grant of immunity for Karen Batton. In a hearing on the motion, he made an offer of proof that if she were granted immunity she would testify that Dickey, and not appellant, was the triggerman. The motion for immunity was denied, and this court granted appellant's application for an interlocutory appeal.

There is one enumeration of error in this appeal. Appellant contends that the trial court erred in denying his motion for immunity for a defense witness.

Appellant contends that he has been denied his Sixth Amendment right to compulsory process to obtain witnesses in his favor. In this case appellant's alleged Sixth Amendment rights are apparently in direct conflict with the witness' Fifth Amendment right to be protected against self-incrimination. Appellant argues that the solution to this conflict is that Karen Batton be granted immunity from prosecution by the court so that she can be compelled to testify. Under Georgia law, the district attorney has discretion to grant immunity to witnesses for the state. Code Ann. § 38-1715. Our statutes provide no such discretion to the court and, further, make no provision for a grant of immunity to defense witnesses.

The weight of opinion in the federal appellate courts which have considered the possibility of a defendant's right to defense witness immunity is against the grant of such immunity. United States v. Turkish, 623 F2d 769 (2d Cir. 1980), cert. denied, 449 U. S. 1077 (1981). The United States Court of Appeals for the Third Circuit, which is apparently receptive to the concept, has laid down the following criteria for a judicially imposed use immunity: " . . . even if there is no evidence of . . . prosecutorial misconduct, when it is found that a potential defense witness can offer testimony which is clearly exculpatory and essential to the defense case and when the government has no strong interest in withholding use immunity, the court should grant judicial immunity to the witness in order to vindicate the defendant's constitutional right to a fair trial." Governor of the Virgin Islands v. Smith, 615 F2d 964, 974 (3d Cir. 1980). See also United States v. Morrison, 535 F2d 223 (3d Cir. 1976). It is important to note that both Smith and Morrison turned upon conduct of the prosecutor. Morrison involved prosecutorial misconduct. In Smith the prosecutor, who had no jurisdiction over a juvenile, gave no justification for his refusal to consent to the immunity offered by juvenile authorities. The court found that this suggested that he deliberately intended to keep highly relevant and possibly exculpatory evidence from the jury.

While appellant has made the argument that defense witness immunity is compelled by the Sixth Amendment to the United States

Constitution, it is difficult to extrapolate from the Sixth Amendment guarantee of compulsory process a right to the testimony of an immunized witness. In United States v. Turkish, supra, the court found: "Traditionally, the Sixth Amendment's Compulsory Process Clause gives the defendant the right to bring his witness to court and have the witness's non-privileged testimony heard, but does not carry with it the additional right to displace a proper claim of privilege, including the privilege against self-incrimination." Id. at 773-774. Acknowledging that the United States Supreme Court in Washington v. Texas, 388 U. S. 14 (87 SC 1920, 18 LE2d 1019) (1967), found that the Sixth Amendment prohibits the prosecutor's preventing or discouraging testimony by a defense witness, the court nevertheless found that the Sixth Amendment placed no affirmative duty upon either court or prosecutor to replace a defense witness' Fifth Amendment protection with immunity. Suggesting that a more solid basis for defense witness immunity might be the due process guarantee of the Fifth Amendment, the court found that absent some action on the part of the state which distorts the truth-finding process, the grant of use immunity has an impact upon public concerns which must be considered in assessing a claim for defense witness immunity.

Appellant relies upon the Governor of The Virgin Islands v. Smith, supra, as authority for his contention that the court has inherent power to grant use immunity and that that immunity should be exercised in the present case. Georgia courts have not adopted the rule of Smith. However, even if this state accepted the premise that when there are no countervailing state interests a defendant is entitled to immunity for a witness whose testimony is potentially exculpatory, the present case is clearly distinguishable from Smith. The testimony here is potentially exculpatory and essential to the defense case. Although Dickey testified at Dampier's trial that he (Dickey) had been the triggerman, the prosecutor was able to introduce Dickey's prior inconsistent statement that Dampier had been the triggerman. Therefore, testimony of Karen Batton which, Dampier alleges, would be that Dickey was the triggerman, would tend to be exculpatory and essential to the appellant's motion for a new trial.

The real question, therefore, in comparing this situation to that in Smith, is whether the state has such an interest in denying use immunity to Karen Batton that this interest outweighs the defendant's need for her testimony. We conclude that the state's interest is such that immunity is not justified in this case.

Even those who argue most convincingly for defense witness use immunity recognize that where the state has not gathered its

evidence against a witness who is also a potential defendant, a grant of even use immunity may jeopardize subsequent prosecution of that witness. Note, *The Sixth Amendment Right To Have Use Immunity Granted To Defense Witnesses,* 91 Harv. L. Rev. 1266 (1978). This is true because "[i]n a subsequent criminal prosecution, the prosecution has the burden of proving affirmatively that evidence proposed to be used is derived from a legitimate source wholly independent of the compelled testimony." Kastigar v. United States, 406 U. S. 441 (92 SC 1653, 32 LE2d 212) (1972). See also, Murphy v. Waterfront Comm. of New York Harbor, 378 U. S. 52, 79, n. 18 (84 SC 1594, 12 LE2d 678) (1964).

The district attorney in this case has indicated that, although he has no present intention of prosecuting Karen Batton because he cannot presently prove her guilt, if such evidence were introduced as that outlined by defendant in his proffer of her testimony, the district attorney would initiate proceedings against her. We therefore find that under the present circumstances the state's interest in a possible prosecution of Karen Batton outweighs the interest of defendant in obtaining her testimony.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 21, 1982.

*G. Terry Jackson,* for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.