## 73615. KELLY v. THE STATE.
### (354 SE2d 647)

BIRDSONG, Chief Judge.

A Camden County jury found Samuel Kelly guilty of three counts of violations of the Georgia Controlled Substances Act by possession of cocaine, phentermine and phendimetrazine, and one count alleging he was a habitual violator. Officer Arthur Thigpen received a tip from a confidential informant concerning drugs in a Chevrolet van, at the American Legion Club 511. Officer Thigpen drove by the Club and saw the vehicle described to him by his informant. The Club was out of his jurisdiction, so he called Deputy Sheriff Charlie Easterling of Camden County and passed along the information given to him by his informant. Easterling went to the Club and met Officer Thigpen and was told that the defendant, Samuel Kelly, was driving the vehicle. Deputy Easterling was aware that Kelly had been arrested in March or April of 1985 for driving while his driver's license was suspended. He called the Sheriff's Office on his radio to check out Kelly's name on the computer, and it showed Kelly to be a habitual violator, e.g., convicted of driving violations specified in OCGA § 40-5-58. The officers waited until Kelly left the Club. After the defendant's van had been driven a short distance, Deputy Easterling stopped it and asked Kelly for his driver's license. Kelly responded: "I ain't got none. . . ." Kelly was placed under arrest and a search of his vehicle revealed a white powdery substance and some pills. The suspected drugs were forwarded to the Savannah branch of the State Crime Lab. A forensic chemist testified that the powder was cocaine and the pills were phentermine and phendimetrazine. The defendant appeals his conviction on all counts. *Held*:

1. Defendant filed a pre-trial motion to sequester the witnesses for the State and, in the event a law enforcement officer was permit-

ted to remain, that such officer be required to testify first. The trial court denied the motion with a comment that "all witnesses are sequestered in the court over which I preside. In criminal matters I will not compel the prosecution witness representing the State to testify first *based on the response of the District Attorney.*" (Emphasis supplied.) In the absence of a showing in the record that the District Attorney did not file a response, we will presume that the trial court acted in accordance with the law and as indicated in his ruling on the motion. *Bank of Clearwater v. Kimbrel,* 240 Ga. 570, 572 (242 SE2d 16).

Both parties have the right of sequestration of the witnesses. OCGA § 24-9-61. The enforcement of the rule has been vested in the discretion of the trial court (*Jordan v. State,* 247 Ga. 328, 347 (276 SE2d 224)) and our appellate courts have always held " '[t]he orderly presentation of evidence . . . a proper reason for an exception to the rule. . . .' *Hardy v. State,* 245 Ga. 272, 276 (1) (264 SE2d 209)." *Jefferson v. State,* 159 Ga. App. 740, 741 (285 SE2d 213). The trial court made its ruling "based on the response of the District Attorney." The State's explanation of its need for the deputy sheriff's assistance during trial can provide an acceptable reason for the trial court's exercise of its discretion in permitting the State's witness to remain in the courtroom and testify after another State witness has testified. *Martin v. State,* 151 Ga. App. 9, 11 (258 SE2d 711); *Jefferson,* supra at 741.

In the instant case, defendant relies on *Stuart v. State,* 123 Ga. App. 311 (1) (180 SE2d 581), where we held that the trial court erred in following "his policy" of allowing the prosecutor to call his witnesses in whatever manner "he pleased." We found that "the [trial] judge did not exercise any discretion . . . accordingly a new trial [was] required." 123 Ga. App. at 313. Defendant argues that in the case at bar the trial court "stated on the record that it was his policy not to require the State to have the exempted witness testify first." We have found no declaration of the trial court that it was "his policy" to take any arbitrary action but rather his ruling was "based on the response of the District Attorney" and the court exercised his authority in ruling on a matter which was within his discretion. Our Supreme Court found it unnecessary to review the applicability of *Stuart* "because . . . the district attorney stated his need for the services of the witness during trial even though not testifying first. . . ." *Jarrell v. State,* 234 Ga. 410, 421 (216 SE2d 258). In the present case because the trial court based his ruling "on the response of the District Attorney," we find no error.

2. Error is claimed in the admission in evidence of State Exhibits 2, 3, 4 and 5, "over objection." These exhibits relate to the items seized from defendant's car following his arrest. Although the enu-

meration does not state the basis for the objection, the brief argues insufficiency of the evidence "to show a chain of custody." The items seized were fungible, and where the State seeks to introduce evidence of a fungible nature, it must show a chain of custody which is adequate to preserve the identity of the evidence. *Terry v. State*, 130 Ga. App. 655, 656 (204 SE2d 372). Hence, the burden is on the prosecution "to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution." *Johnson v. State*, 143 Ga. App. 169-170 (237 SE2d 681). However, the State need not negate all possibility of tampering, and "need only establish reasonable assurance of the identity" of the confiscated evidence. *Patterson v. State*, 224 Ga. 197, 199 (160 SE2d 815); accord *Anderson v. State*, 247 Ga. 397, 399 (276 SE2d 603).

The evidence here shows Deputy Varnadoe found the confiscated items in the defendant's van and turned the items over to Officer English, the dispatcher. Officer English transferred the evidence to his relief, Inez Frazier. Ms. Frazier gave them to Sue Cooler, a secretary in the Sheriff's Office. Ms. Cooler placed the evidence in a box, sealed it and shipped it by certified mail to the Savannah Crime Lab. The head of the Crime Lab signed for the package and gave it to the forensic chemist who was to examine the suspected drugs, Patrick Long. Mr. Long testified that when he received the package from the head of the Crime Lab the package was "sealed with tape" and the inner package "was intact. . . ." It was "still sealed. . . . It didn't appear to be retaped or anything either." This enumeration is without merit.

3. The third enumeration of error alleges: "The trial court erred in charging the jury as to the alleged violation of the Habitual Violator's Act." " 'This enumeration is non-specific and too general for an appellate court to discern the specific error enumerated. Enumerations "should specifically and definitely set out the error complained of so that this court will not be compelled to grope in ascertaining what the error is. . . ." ' " *Clark v. State*, 180 Ga. App. 280, 281 (348 SE2d 916). We cannot be certain of the error sought to be asserted in this general allegation of error "in charging the jury" on an offense alleged in the indictment.

The indictment charged that Kelly "after having been notified by the Georgia Department of Public Safety that his driver's license had been revoked as a Habitual Violator and prior to obtaining a valid driver's license, operate[d] a motor vehicle" on the public highway of Camden County. The evidence showed that the Georgia Department of Public Safety forwarded a letter to Kelly notifying him he had been declared a Habitual Violator of the laws relating to motor vehicles, pursuant to OCGA § 40-5-58 (b), and that his "privilege to operate a motor vehicle in this State is revoked for a minimum of (5) five years from"(?) and his license would remain revoked until he has

complied with the provision of OCGA § 40-5-62. The "revocation date" was "08/02/85." A receipt for certified mail showed that the letter had been delivered to and signed for by Samuel Kelly on August 1, 1985. Deputy Sheriff Easterling testified to the defendant driving his van on U. S. 17 on the night of August 23, 1985, and his admission to Easterling that he did not have a driver's license. "The very essence of the crime is driving after being declared a habitual violator. . . ." *Weaver v. State*, 242 Ga. 8, 9 (247 SE2d 749). Defendant's driver's license was revoked after he was declared a habitual violator of the motor vehicle laws of this State. He was notified by certified mail of such revocation and of the length of revocation. Thereafter, he was found driving a motor vehicle on the highways of this State, and admitted he did not possess a driver's license. Kelly was charged with a violation of this Code section. OCGA § 40-5-58 (c). It was not error for the trial court to charge the jury upon the offense alleged in the indictment, when supported by the evidence of record.

On appeal, defendant argues the sufficiency of the evidence to support the giving of the charge. When the evidence is viewed in the light favorable to the verdict rendered by the jury, this evidence is sufficient to enable any rational trier of facts to find the existence of the offense alleged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 2, 1987.

*Clyde M. Urquhart*, for appellant.

*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.