## 74463. TYSON v. THE STATE.
(361 SE2d 386)

SOGNIER, Judge.

Appellant was convicted of violating the Georgia Controlled Substances Act by selling marijuana, and he appeals.

1. In his first enumeration of error appellant contends the trial court erred by refusing to permit defense counsel to withdraw, by failing to declare a mistrial and by failing to dismiss the indictment. Because these alleged errors are based on trial testimony implying unethical conduct by one of appellant's two defense counsel, they will be considered together.

Martin Smith, a State witness, testified during cross-examination that Virgil Brown, one of appellant's counsel, had "blown" Smith's undercover operation by informing several persons that Smith was an undercover agent. Smith also testified, in response to questions by the

defense, that Brown had solicited several of those same persons to become Brown's clients. Smith testified further that Joe Salvatore, a trusty at the jail and a former client of Brown, informed the sheriff that Brown had come to Salvatore and asked him to steal documents relating to appellant's case from the sheriff's office. A body bug was placed on Salvatore to record a conversation with Brown; a transcript of that conversation disclosed that Salvatore offered to steal some documents from the sheriff's office and Brown told him not to do it, and not to break the law.

The record does not disclose the basis of Brown's request to withdraw as counsel, although appellant's brief indicates it was due to Smith's testimony summarized above, thereby forcing Brown to testify to rebut such testimony. Appellant's other attorney also requested that he be allowed to withdraw as counsel, and the record reflects that that attorney's request was denied because he did not comply with Rule 4.3, Uniform Superior Court Rules. 253 Ga. 813. In the absence of evidence in the transcript as to the basis of Brown's request and the court's reason for denying his request to withdraw, we must presume that the court acted properly in denying the request. OCGA § 24-4-24 (2); *Thomas v. State*, 174 Ga. App. 560 (1) (330 SE2d 777) (1985).

We find nothing in the record to indicate that a motion for a mistrial was made by appellant on the basis of Smith's testimony, so there is nothing for us to review as to that alleged error. *Hudson v. State*, 175 Ga. App. 692 (1) (334 SE2d 20) (1985). Appellant also complains that the prosecution's conduct was so outrageous in attempting to trap Brown into committing unethical acts (bugging Salvatore) that the indictment should have been dismissed. Again, we find nothing in the transcript to indicate that appellant moved for dismissal of the indictment. Further, it was appellant's cross-examination which first raised and then pursued this issue, and one cannot complain of matters caused by his own procedure or conduct. *Ward v. State*, 175 Ga. App. 410 (2) (333 SE2d 669) (1985).

2. Appellant asserts error by admitting into evidence the marijuana sold by appellant because a proper chain of custody was not established. Evidence in this regard disclosed that after Smith bought the marijuana from appellant, Smith drove to his home in Macon, where he placed the "baggy" containing the marijuana in an evidence bag. Smith labeled the evidence bag with appellant's name, the time and date of purchase, the charge, and Smith's signature. He then placed the evidence in a locked container behind the seat of his truck, and three days later delivered it to the State Crime Laboratory in Macon. Smith was the only person with the combination to his locked box, and at the time of delivery to the crime laboratory there was no indication of tampering. Smith identified State's Exhibit 1 as the evi-

dence package he delivered to the laboratory. Shawn Humphrey testified that she is a forensic chemist at the crime laboratory and its records show that the marijuana was received on July 9, 1985, by one Festus, who is no longer employed at the laboratory. Humphrey removed the evidence from the evidence vault and analyzed it as marijuana. State's Exhibit 1 was the evidence bag containing marijuana delivered by Smith to the laboratory and analyzed by Humphrey.

The burden the State must carry to gain admission of such evidence (marijuana) is to show with reasonable certainty that the evidence is the same as that sold by appellant to Smith and that there has been no tampering or substitution. *Johnson v. State*, 143 Ga. App. 169-170 (1) (237 SE2d 681) (1977); *Anderson v. State*, 247 Ga. 397, 399 (2) (276 SE2d 603) (1981). The circumstances need only establish reasonable assurance of the identity of the evidence. *Patterson v. State*, 224 Ga. 197, 199 (2) (160 SE2d 815) (1968); *Anderson*, supra. We find the State met this burden and the evidence was admitted properly.

3. Appellant contends the trial court erred by entering judgment of conviction on an ambiguous jury verdict. Appellant was indicted and tried on one count of violating the Georgia Controlled Substances Act by selling marijuana. The trial court charged the jury on the offense charged and on the lesser included offense of possession of marijuana. When the jury foreman announced its finding of guilty without specifying whether appellant was guilty of the offense charged or the lesser offense, the court inquired as to whether the jury found appellant guilty of selling marijuana or guilty of the lesser included offense of possession of marijuana. When the foreman replied: "That's guilty of both counts, sir . . .," the court informed the jury foreman he would have to make a choice; the foreman then stated that the jury found appellant guilty of selling marijuana. It is this colloquy between the court and the jury foreman which appellant contends resulted in an ambiguous verdict. We do not agree.

Immediately after the brief colloquy related above, appellant asked for a poll of the jury. During the poll, each juror responded that his/her verdict of guilty of selling marijuana was his/her verdict in the jury room and it was his/her verdict now (at the time of the poll). Although the jury foreman may have been confused initially by the court's questions, the jury poll made it clear that there was no ambiguity in the verdict and the court acted properly in assisting the jury in stating the verdict in proper form. See *Suber v. Fountain*, 151 Ga. App. 283, 291 (3) (259 SE2d 685) (1979). Hence, this enumeration of error is without merit.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 8, 1987 —

Drug violation. Upson Superior Court. Before Judge Miller.
*Virgil L. Brown, Michael P. Katz,* for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English, Jr., Assistant District Attorney,* for appellee.