### 76468. SPEAD v. THE STATE.
(370 SE2d 213)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of selling cocaine in violation of the Georgia Controlled Substances Act. Appellant appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilty.

1. Appellant enumerates as error the admission into evidence of the cocaine over his chain of custody objection. He contends that the State presented insufficient proof to show that the contraband which was introduced into evidence at trial was the cocaine which he had allegedly sold.

The undercover officer who made the purchase from appellant testified that he took the suspected cocaine directly to the sheriff's office. He there turned it over to a deputy. The deputy then packaged and identified the suspected cocaine with a "work-up sheet" which recorded the date, time, the suspect from whom purchased and the amount of money spent. The deputy testified that the specimen re-

mained in his possession for four days until he sent it by certified mail to the State Crime Lab for analysis. The State Crime Lab forensic chemist testified that he had received the suspected contraband in a large envelope which also contained other separately tagged and identified items, but that "[e]ach case was properly identified and marked and stapled separately from the other." The forensic chemist further testified that after he receives an item, such as the suspected cocaine purchased from appellant, "it is given a unique number and that number stays with that case and no other case has that number [which] precludes the fact that we can confuse one piece of evidence with another."

"[W]here the State seeks to introduce evidence of a fungible nature, it must show a chain of custody which is adequate to preserve the identity of the evidence. [Cit.] Hence, the burden is on the prosecution 'to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution.' [Cit.] However, the State need not negate all possibility of tampering, and 'need only establish reasonable assurance of the identity' of the confiscated evidence. [Cits.]" *Kelly v. State*, 182 Ga. App. 7, 9 (2) (354 SE2d 647) (1987). The chain of custody was sufficiently established here. See *Pope v. State*, 256 Ga. 195 (6) (345 SE2d 831) (1986); *Tyson v. State*, 184 Ga. App. 309 (2) (361 SE2d 386) (1987).

2. With regard to proof of the transmittal of the contraband to the State Crime Lab by certified mail, the State could only produce a photostatic copy of the certification receipt in lieu of the original. Appellant further enumerates the admission of the cocaine into evidence, urging that, without an adequate explanation for the absence of the original certified mail receipt as required by OCGA § 24-5-4, the chain of custody was not sufficiently proven.

The deputy testified that he would always make a copy of the certified mail receipt when he mailed contraband to the State Crime Lab. However, he had been unable to locate the original receipt for this particular mailing. The deputy identified his handwriting on the photostatic copy and noted that the certification number was identical to that on the State Crime Lab report. It is not for the trial court to determine the worthiness or credibility of secondary evidence. The trial court decides only whether the secondary evidence is offered in the best form which is accessible. See *Walls v. State*, 161 Ga. App. 235 (4) (291 SE2d 15) (1982); *Mulkey v. State*, 155 Ga. App. 304, 307 (270 SE2d 816) (1980). The deputy, as the person with firsthand knowledge of the certification, testified at trial. The trial court was authorized to conclude that the copy of the receipt had been made in the regular course of business so as to be admissible pursuant to OCGA §§ 24-3-14 and 24-5-26. *Millwood v. State*, 166 Ga. App. 292 (5) (304 SE2d 103) (1983). See also *McConnell v. State*, 166 Ga. App.

530 (3) (304 SE2d 733) (1983).
*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 1, 1988.

*Clyde M. Urquhart*, for appellant.
*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.