## 76817. HICKS v. THE STATE.
### (371 SE2d 145)

DEEN, Presiding Judge.

Jackie Hicks appeals from his conviction of violating the Georgia Controlled Substance Act, contending that the trial court erred in failing to sustain his objection to the admissibility of evidence regarding the State's failure to show a proper chain of custody of the evidence. *Held*:

Appellant objected to the testimony of the State Crime Laboratory's forensic chemist on the ground that the State failed to establish a proper chain of custody for the cocaine which was alleged to have been purchased from him.

The evidence showed that the narcotics investigator who purchased the cocaine had it in his custody from July 31, 1985, until August 4, 1985. He testified that he initialed the small bag containing the suspected contraband in red ink on a corner of the bag, placed it in inside a large plastic bag, placed an evidence tag on it, and filled out the evidence tag. He then delivered it to Tony Reeves, one of the two evidence custodians. Reeves placed it in a drug container. Vickie Steed, the other evidence custodian, testified that only she and Reeves had keys to the evidence room, that when evidence is turned over to them it is already bagged and labeled and has a property receipt form attached. They keep the original copy of the form in the evidence room, and copies go to the investigating officers. Steed further testified that she and Reeves together transport the evidence to the crime lab. She transported the evidence in question and turned it over to Charlie Bevel, the forensic chemist who testified at trial. Bevel

testified that he received the evidence from Steed.

When the State seeks to introduce fungible material into evidence, "it must show a chain of custody which is adequate to preserve the identity of the evidence [Cit.] Hence, the burden is on the prosecution 'to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution' [Cit.] However, the State need not negate all possibility of tampering, and 'need only establish reasonable assurance of the identity' of the confiscated evidence. [Cits.]" *Kelly v. State*, 182 Ga. App. 7, 9 (354 SE2d 647) (1987). The fact that the evidence was in the officer's possession for four days before it was turned over to the evidence room custodians does not indicate tampering. There was absolutely no evidence of tampering after it was delivered to the evidence room. The chain of custody was sufficiently proved, and the testimony of the State's expert witness was properly admitted. See also *Hester v. State*, 187 Ga. App. 46 (369 SE2d 278) (1988).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JUNE 27, 1988.

*Robert F. Dangle*, for appellant.

*William G. Hamrick, Jr., District Attorney, Agnes T. McCabe, Assistant District Attorney*, for appellee.