## 76861. SHIVERS v. THE STATE.
(372 SE2d 2)

DEEN, Presiding Judge.

James Shivers appeals from his conviction of the sale of cocaine in violation of the Georgia Controlled Substances Act.

1. Appellant asserts error in the denial of his motion for continuance on the ground that he was not arraigned prior to his trial. The record shows that on January 4, 1988, appellant, acting in his own behalf, filed a demand for speedy trial. Arraignment was noticed on March 2 and set for March 7, 1988, on which date appellant filed a motion to dismiss the indictment or to change venue. After a hearing that same day this motion was denied. The next day the trial commenced and after a jury was selected appellant requested to dismiss

his attorney. The trial court declined to do so and defense counsel at that time moved for a continuance to avoid proceeding immediately from arraignment to trial. The trial court denied a continuance on the ground that formal arraignment was waived by the filing of the demand for speedy trial and other motions.

We find no error. Where a defendant has filed motions and obtained rulings on issues of law in the case before demanding formal arraignment, by his conduct he has waived such a request. *Shorter v. State*, 155 Ga. App. 609 (1) (271 SE2d 741) (1980); *Ferrell v. State*, 149 Ga. App. 405 (3) (254 SE2d 404) (1979); *Hiatt v. State*, 144 Ga. App. 298 (5) (240 SE2d 894) (1977). Pretermitting any question of whether the demand for speedy trial was filed in accordance with OCGA § 17-7-170, appellant in effect entered a plea to the merits by presenting the court with an issue of law when he filed his motion to dismiss the indictment, thus waiving arraignment. *Croft v. State*, 180 Ga. App. 705 (350 SE2d 34) (1986).

2. Appellant's motion to dismiss the indictment, or in the alternative to change venue, was based upon the allegation that the State had entered into a plea agreement with him which the State unilaterally revoked after acceptance; and that actions of the State through an assistant district attorney in making statements to a newspaper reporter regarding the pending case, which referred to appellant's prior criminal record, evidenced blatant prosecutorial vindictiveness against him. However, the transcript of the motion hearing discloses that no agreement was ever reached in this regard. Negotiations were instituted on appellant's behalf by his wife while he was incarcerated. She testified that she assumed that a disposition had been agreed upon and conveyed the recommendation to appellant, but he did not agree "completely" with the proposed resolution. She also stated that she did not and could not accept the State's offer on behalf of her husband because her husband would have to make that determination himself, and that there was never any agreement between the State and appellant.

Even if a plea agreement had been reached, the State's revocation of it would not give rise to dismissal of the indictment, but at most to enforcement of the plea. The district attorney's quoted remarks in regard to appellant's "taking advantage" of the judicial system likewise present no basis for dismissal. The trial court replaced the only two jurors who had read the newspaper article with the alternate jurors prior to trial. " 'Harm as well as error must be shown affirmatively by the record to authorize a reversal.' [Cit.]" *Daniels v. State*, 184 Ga. App. 689, 691 (2) (362 SE2d 775) (1987).

3. Appellant contends that the State failed to prove a chain of custody of the contraband involved in the case. The evidence presented showed that an undercover officer bought a piece of "crack"

cocaine from appellant, wrapped it in a piece of aluminum foil chewing gum paper and took it back to the Camden County Sheriff's Department, where he turned it over to a deputy the same day. He told the deputy who he had bought it from and the time and place he bought it, and saw the deputy record this on an information sheet. The deputy testified that he packaged the suspected cocaine in a small zip-lock bag, filled out the contraband form with the information obtained from the undercover officer who purchased it, and stapled the form on the zip-lock bag to mail it to the state crime lab. The forensic chemist testified that he received the specimen as described by the deputy and entered a unique crime lab identification code number on it. After analyzing it and determining that it was cocaine, he enclosed the small zip-lock bag containing the contraband in a heat-sealed plastic bag to preserve it for trial.

While the burden is on the State to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution, it need not negate all possibility of tampering but must establish only "reasonable assurance" of the identity of the confiscated evidence. *Kelly v. State*, 182 Ga. App. 7, 9 (2) (354 SE2d 647) (1987). The chain of custody was sufficiently established here. *Spead v. State*, 187 Ga. App. 359 (370 SE2d 213) (1988). See *Pope v. State*, 256 Ga. 195 (6) (345 SE2d 831) (1986); *Tyson v. State*, 184 Ga. App. 309 (2) (361 SE2d 386) (1987).

4. We do not agree with appellant that a mistrial should have been granted because his character was put in issue in a response made by the undercover officer during cross-examination. It does not appear from the transcript that when the officer mentioned a previous drug buy he had made that he was implicating appellant, but on the contrary that he was referring to a sale from another person for which appellant was not being tried. This was the conclusion reached by the trial judge after the tape of the testimony was replayed, and accordingly he declined to attempt to clarify the answer to the jury because that would "raise more questions than it answers." The court did instruct the officer "not to make any reference at all to any other charges that might involve Mr. Shivers," and no further objection was raised by appellant. " 'In the absence of a demonstration that a mistrial was essential to preservation of a defendant's right to a fair trial, it is not an abuse of discretion to deny a motion for a mistrial even where no curative instructions were given. [Cit.]' [Cit.]" *Collins v. State*, 183 Ga. App. 243, 244 (3) (358 SE2d 876) (1987). We find no grounds for reversal.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in Divisions 2 and 3 and in the judgment.*

24

Decided July 5, 1988 —
Rehearing denied July 25, 1988.

*Clyde M. Urquhart, W. Bruce Maloy, John J. Ossick, Jr.,* for appellant.

*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney,* for appellee.