## 77792. HABERSHAM v. THE STATE.
(378 SE2d 489)

POPE, Judge.

Defendant Alvin Habersham was convicted of trafficking in cocaine and appeals.

1. Defendant first enumerates as error the denial of his motion to sever. The record shows that defendant and co-defendant Winfred Glover (see *Glover v. State*, 188 Ga. App. 330 (373 SE2d 39) (1988)) repeatedly moved for severance at trial. On appeal defendant insists that Glover would have testified at a severed trial and that his testimony would have been exculpatory. In support of his motion defendant submitted Glover's affidavit in which he averred, inter alia, that they were at the scene so that Glover could give "Dee Dee" some rent money and that "[Habersham] did not have any cocaine on him or in

his car and neither did I." Glover further averred that he would testify at a severed trial but not at a joint trial "as it may not be to my benefit."

" 'In order to be entitled to a severance on the ground urged, the movant must demonstrate: (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the co-defendant will in fact testify if the cases are severed. (Cits.) Given such a showing, the court should (1) examine the significance of the testimony in relation to the defendant's theory of defense; (2) assess the extent of prejudice caused by the absence of the testimony; (3) pay close attention to judicial administration and economy; (4) give weight to the timeliness of the motion.' " *Stevens v. State*, 165 Ga. App. 814, 817-818 (302 SE2d 724) (1983), citing *United States v. Butler*, 611 F2d 1066 (5th Cir.), cert. denied, 449 U. S. 830 (1980).

Assessing the defendant's motion in light of these standards, we conclude that the trial court did not abuse its discretion in denying the request for severance. First we note that Glover's statement was little more than a bare conclusory assertion that neither defendant was involved in the crime. "Lacking specificity, the affidavit demonstrated little, if any, exonerative significance." *United States v. Johnson*, 713 F2d 633, 641 (11th Cir. 1983), cert. denied, 465 U. S. 1081 (1984). "Moreover, because the purportedly exonerating testimony proffered by [the co-defendant witness] did not contravene his own penal interests, but instead was extremely self-serving, it lacked a certain amount of credibility." *United States v. DeSimone*, 660 F2d 532, 540 (5th Cir. Unit. B) (1981). "[Lastly, the co-defendant witness'] claim that he would testify in a separate trial is doubtful given that [defendant] has failed to show the reason why [the co-defendant witness] would be willing to give this testimony at a separate trial but not at a joint one. 'The usual reason for such a strategy is inconsistent or antagonistic defenses—the testimony that exonerates the movant will implicate the co-defendant witness' [Cit.]" *United States v. Hewes*, 729 F2d 1302, 1319 (11th Cir.) cert. denied, 469 U. S. 1110 (1984). As stated above, inasmuch as Glover averred that neither he nor Habersham were involved in criminal activity, such is not the case here. Under these circumstances we agree that any prejudice arising from the absence of Glover's testimony was outweighed by consideration of judicial economy; consequently the trial court did not abuse its discretion in denying the motion to sever.

2. Defendant also contends that the trial court erred by admitting into evidence the cocaine retrieved at the crime scene because a proper chain of custody was not established. The record shows that Officer Goodyear testified that he kept the cocaine in his possession until he returned to his office where he weighed, tested, bagged and

sealed the cocaine before putting it into an evidence lockbox. Officer Goodyear stated that he was the only officer with a key to that box and that he filled out a form showing the condition of the evidence. Officer Goodyear further testified that later that night he unlocked the evidence box, retrieved the evidence and gave it to Lt. Bramlett who locked it in a safe. Officer Goodyear testified that although he did not observe Lt. Bramlett locking the evidence in the safe, when he retrieved it the next morning to take it to the crime lab it was in the same condition it had been in when he gave it to Lt. Bramlett the previous evening, and that it did not appear that anyone had tampered with or molested the evidence. Officer Goodyear testified that he then drove the evidence to the State Crime Lab, and released it to Gretchen Hancock, a forensic chemist at the lab. He said Hancock then opened the package and described it to a secretary, who typed the description into a computer. Hancock testified that she received the evidence from Officer Goodyear, and although she could not recall the date on which she received the evidence, she identified a report bearing her signature which listed the evidence received, when it was received, and what action was requested. She further stated that she stored the contraband in her evidence locker and that she was the only person with access to the evidence. Lastly, Hancock identified the contraband and the bag it was contained in at trial.

"When the State seeks to introduce fungible material into evidence, 'it must show a chain of custody which is adequate to preserve the identity of the evidence. (Cit.) Hence, the burden is on the prosecution "to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution." (Cit.) However, the State need not negate all possibility of tampering, and "need only establish reasonable assurance of the identity" of the confiscated evidence. (Cits.)' *Kelly v. State*, 182 Ga. App. 7, 9 (354 SE2d 647) (1987)." *Hicks v. State*, 187 Ga. App. 671, 672 (371 SE2d 145) (1988). Under the facts here, the chain of custody was sufficiently proved, and the evidence was properly admitted. Accord *Spead v. State*, 187 Ga. App. 359 (1) (370 SE2d 213) (1988); *Tyson v. State*, 184 Ga. App. 309 (2) (361 SE2d 386) (1987).

3. We have examined defendant's remaining enumeration concerning the sufficiency of the evidence and find that the evidence was sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the crime for which he was charged and convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED JANUARY 24, 1989 —
REHEARING DENIED FEBRUARY 8, 1989 — 

*Bert W. Cohen*, for appellant.
*Thomas J. Charron*, District Attorney, *Debra H. Bernes, Nancy I. Jordan*, Assistant District Attorneys, for appellee.