## A91A2129. HOUSE v. THE STATE.
(416 SE2d 108)

Sognier, Chief Judge.

Cheryl Ann House was jointly indicted with her husband of one month, Marvin Tucker, on charges of armed robbery, aggravated assault, and possession of a firearm during the commission of a felony arising from the robbery of a package store. Upon House's motion, her trial was severed from that of Tucker. She was convicted by a jury and now appeals from the judgment.

1. Appellant first contends the trial court should have entertained and ruled favorably on her motion to grant use immunity to Tucker so that he could testify on her behalf without compromising his right against self-incrimination. This enumeration is controlled adversely to appellant by *Dampier v. State*, 249 Ga. 299, 300 (290 SE2d 431) (1982), in which the Supreme Court held that "[u]nder Georgia law, the district attorney has discretion to grant immunity to witnesses for the state. [OCGA § 24-9-28.] Our statutes provide no such discretion to the court and, further, make no provision for a grant of immunity to defense witnesses." Moreover, even if our law recognized such an immunity, here, as in *Dampier*, the State's interest in denying use immunity to Tucker outweighed appellant's need for his testimony, as the State was planning to proceed with his prosecution if he decided not to plead guilty. See id. at 301-302.

2. House next contends that once her motion for severance was granted, the court should have compelled the State to try Tucker first so that he would have become available as a defense witness for her trial. The record reveals that Tucker had agreed to appear at appellant's trial as a defense witness to provide "significantly exculpatory" testimony — i.e., that he conceived of the robbery without appellant's knowledge and that she was not an active participant — if he were tried first, but that if appellant's trial occurred first he would assert his privilege against self-incrimination. When appellant's case was called for trial, she raised the question of Tucker's appearance as a witness and his intention to refuse to testify if her trial occurred before his. The prosecutor then stated that Tucker had indicated he wanted to plead guilty, and that in response the State had given him its sentencing recommendation but Tucker had declined to enter a plea until after he was sentenced in another case pending in federal court in Arkansas. The court then denied appellant's motion to order the State to try Tucker first.

When a severance motion is granted, "the defendants shall be tried in the order requested by the state." OCGA § 17-8-4; see *Dixon v. State*, 12 Ga. App. 17 (1) (76 SE 794) (1912). We note that one of the grounds for granting a severance is the need of one defendant to use the exculpatory testimony of a co-defendant, see *Cain v. State*,

235 Ga. 128, 129-130 (218 SE2d 856) (1975), which the trial court implicitly acknowledged in granting appellant's severance motion. However, we find no authority for appellant's argument that the court should have compelled the State to try Tucker first, at least where, as here, there is an absence of evidence of actual prejudice to appellant. See *Dixon*, supra. At trial, although appellant testified that Tucker conceived of the robbery without her knowledge or participation and that only he was armed, she did acknowledge pretending to have a gun, giving orders to the store occupants, and taking money from the cash register, and she gave no indication that she did so out of fear that Tucker would harm her if she refused to cooperate. Since appellant's own testimony was sufficient to authorize a conviction for armed robbery and aggravated assault, see OCGA §§ 16-8-41 (a), 16-5-21 (a) (1), and insufficient to support a defense of coercion, see OCGA § 16-3-26, the testimony Tucker allegedly was prepared to give would have had little exonerative significance. Accord *Habersham v. State*, 190 Ga. App. 211-212 (1) (378 SE2d 489) (1989) (not error to deny motion to sever where testimony of co-defendant would have lacked credibility and exonerative significance.) Moreover, we also note that the decision not to proceed first apparently was made by Tucker, not by the State. Accordingly, we find no reversible error.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 11, 1992 —
RECONSIDERATION DENIED FEBRUARY 25, 1992 — ▮▮▮▮▮▮▮

*Moore & Davidson, W. Keith Davidson, Johnny R. Moore*, for appellant.

*Robert E. Wilson, District Attorney, Robert W. Houman, Barbara B. Conroy, Assistant District Attorneys*, for appellee.