## A94A2137. KEENER v. THE STATE.
(449 SE2d 669)

BEASLEY, Presiding Judge.

Counts 1 and 2 of a five-count indictment jointly charged Keener and Dills with attempt to commit armed robbery (OCGA § 16-8-40) and unlawful possession of firearms, a sawed-off shotgun (OCGA § 16-11-123). This is Keener's appeal of his convictions.

Prior to trial, Keener moved for a severance. At the hearing on the motion, his attorney stated that if Keener and Dills were tried separately, Dills would testify that the shotgun was in his possession and that Keener was not aware of it. The court denied the motion.

At trial, employees of the Favorite Market in Eton testified that at about 3:00 a.m. one morning the defendants appeared at the store, bought gas, and made other purchases. After Keener came into the store, he fumbled around. He and Dills left the store, sat in their truck for approximately five to ten minutes and kept staring into the store in such a way as to arouse the suspicions of the store employees. They drove away but returned within about five minutes and backed into a parking place to the side of the front door. A store employee called the police. The defendants exited their truck and kept peeking into the store until other customers left. Keener then entered the store and a few minutes later, Dills entered. At about the time they arrived at the cash register to make their purchases, Murray County Deputy Sheriff Parker arrived. Dills whispered to Keener something like, "don't freak out" or "just be cool." They paid for the items selected, left, and as they were walking toward the truck, Parker noticed something protruding from Dills' waistline underneath his shirt. Parker told Dills to stop, but he failed to do so. When another officer told Keener to stop, he threw his hands in the air. Parker grabbed Dills and retrieved a 410-gauge sawed-off shotgun from underneath his shirt.

At the close of the State's evidence, Keener unsuccessfully moved for a directed verdict of acquittal on grounds that the evidence failed

to show that he knew of the shotgun in Dills' possession or that any substantial step was taken toward commission of any criminal act.

1. The court did not abuse its discretion in denying the motion for severance. See generally *Cain v. State*, 235 Ga. 128, 129 (2) (218 SE2d 856) (1975); *Givens v. State*, 184 Ga. App. 498, 499 (1) (361 SE2d 830) (1987).

" ' "In order to be entitled to a severance on the ground urged, the movant must demonstrate: (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the co-defendant will in fact testify if the cases are severed. (Cits.) Given such a showing, the court should (1) examine the significance of the testimony in relation to the defendant's theory of defense; (2) assess the extent of prejudice caused by the absence of the testimony; (3) pay close attention to judicial administration and economy; (4) give weight to the timeliness of the motion." ' [Cits.]" *Habersham v. State*, 190 Ga. App. 211, 212 (1) (378 SE2d 489) (1989).

Keener did not demonstrate that Dills would in fact testify if the cases were severed. He did not produce, for example, any affidavit from Dills. The statement of Keener's attorney that he would have no reason not to testify does not establish the affirmative fact required. Moreover, any testimony by Dills that Keener did not have knowledge of the sawed-off shotgun would have been wholly lacking in credibility. See *House v. State*, 203 Ga. App. 55, 56 (2) (416 SE2d 108) (1992); *Habersham*, supra. Thus, defendant was not prejudiced by its absence.

2. The court did not err in denying the motion for directed verdict of acquittal.

"A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. There are three elements: " 'first, the intent to commit the crime; second, the performance of some overt act towards the commission of the crime . . . ; and third, a failure to consummate its commission.' [Cit.]" *Howell v. State*, 157 Ga. App. 451, 455 (4) (278 SE2d 43) (1981).

The question is whether defendants' activities or any of them constituted an overt act toward the commission of armed robbery. In general, the act must be inexplicable as a lawful act, and it must be more than mere preparation. In this case, the evidence showed that after "casing" the store, leaving, and returning, the defendants parked their vehicle out of view of the store clerk, waited until all customers exited the store, and entered the store with Dills carrying a concealed sawed-off shotgun. They eventually approached the cash register. After they saw the police they paid for items and left.

A rational trier of fact was authorized upon consideration of the

evidence to find beyond a reasonable doubt that these acts constituted a substantial step toward armed robbery and that Keener had knowledge of Dills' possession of the gun. The element of failure is shown directly, and the element of intent circumstantially. See *Gaither v. Cannida*, 258 Ga. 557, 558 (1) (372 SE2d 429) (1988); *Loumakis v. State*, 179 Ga. App. 294, 299 (8) (346 SE2d 373) (1986); *Adams v. State*, 178 Ga. App. 261, 262 (2) (342 SE2d 747) (1986). The evidence was sufficient to exclude every reasonable hypothesis save that of guilt.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED NOVEMBER 2, 1994.

*Richard L. Yancey*, for appellant.
*Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney*, for appellee.