## S95A1014. THE STATE v. MOSHER.
(461 SE2d 219)

CARLEY, Justice.

Winston Henry Mosher and a co-defendant were indicted for murder and the State elected to seek the death penalty against Mosher. In an effort to obtain the testimony of the co-defendant, the State offered her immunity and, pursuant to OCGA § 24-9-28 (a), then sought an order from the superior court requiring that she testify. Expressing doubts as to the co-defendant's credibility, the superior court refused to enter such an order. We granted the application for an interim appeal in order to review the superior court's refusal to order that the co-defendant testify pursuant to the State's offer of immunity.

The State contends that the trial court is vested with no discretion in this matter. However, OCGA § 24-9-28 (a) provides, in relevant part, as follows:

Whenever in the judgment of the Attorney General or any district attorney the testimony of any person or the production of evidence of any kind by any person in any criminal proceeding before a court or grand jury is necessary to the public interest, the Attorney General or the district attorney may *request* the superior court in writing to order that person to testify or produce the evidence.

(Emphasis supplied.) A "request" confers authority to perform upon the one to whom it is directed, but does not require his performance. *Miller v. McGhee Cotton Co.*, 144 Ga. 392, 395 (2) (87 SE 387) (1915). Nothing in OCGA § 24-9-28 (a) purports to mandate that the superior court enter an order automatically upon the State's request. It is the Attorney General or district attorney, and not the superior court, who has the initial statutory discretion to grant immunity to a witness for the State. *Dampier v. State*, 249 Ga. 299, 300 (290 SE2d 431) (1982). However, it is the superior court, and not the Attorney General or district attorney, which is vested with the ultimate statutory discretion to order that such a witness testify. Under OCGA § 24-9-28 (a), the Attorney General or district attorney merely can make a "request" that the superior court so order.

In the alternative, the State urges that the superior court abused its discretion in refusing to order that the co-defendant testify against Mosher. Neither the trial court nor an appellate court should attempt to judge the credibility of a witness, but should reserve that issue for jury determination. See *Brand v. State*, 154 Ga. App. 781, 784 (270 SE2d 206) (1980). It follows, therefore, that the superior court abused its discretion insofar as it based the refusal to order the co-defendant to testify upon its own determination of the credibility of the co-defendant.

*Judgment reversed. All the Justices concur.*

SEARS, Justice, concurring.

I concur fully with the opinion of the Court. I write separately only to explain my understanding of when it is appropriate for a trial court to deny the State's request for an order compelling testimony or the production of evidence.

Because OCGA § 24-9-28 (a) allows the State to seek an order to compel testimony or production only when the State believes that such an order is in the public interest, logic dictates that it is only when the trial court determines that an order to compel is *not* in the public interest that it may deny the State's request.

I am authorized to state that Presiding Justice Fletcher joins in this concurrence.

DECIDED SEPTEMBER 11, 1995.

*Randall M. Clark, Clyde M. Urquhart,* for appellant.
*Glenn Thomas, Jr., District Attorney, Keith Higgins, Assistant District Attorney,* for appellee.