## A11A2334. DENNARD v. THE STATE.
### (721 SE2d 610)

McFADDEN, Judge.

Cedric Dennard appeals from his conviction for criminal attempt to commit armed robbery. He claims that the trial court erred in admitting similar transaction evidence, allowing hearsay testimony and failing to grant immunity to a witness. Finding no error, we affirm.

Construed in favor of the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence shows that Dennard arranged to meet Yi Hsuan Huang in a shopping mall to sell four iPhones to Huang for $850. The two met at the mall, and Dennard told Huang that the phones were in his truck. They then went to the parking lot, where Dennard pulled out a gun and demanded Huang's money. Huang, who had $900 with him, said he would give Dennard the money if he stopped pointing the gun at him. Dennard put the gun in his pocket, and a struggle ensued. Dennard attempted to run away, but was apprehended by a security officer.

1. Dennard contends that the trial court erred by permitting the state to introduce evidence of two prior offenses because they are not sufficiently similar to the current attempted armed robbery. We disagree.

> Evidence that a defendant has committed an independent offense or bad act is admissible if the State shows and the trial court rules that there is a sufficient connection or similarity between the independent offenses or acts and the crime charged so proof of the former tends to prove the latter. When considering the admissibility of similar transaction evidence, the proper focus is on the similarities, not the differences, between the separate crime and the crime in question. We will uphold the trial court's decision to admit a similar transaction unless it is an abuse of discretion.

(Citation and punctuation omitted.) *Avila v. State*, 289 Ga. 409, 411 (2) (711 SE2d 706) (2011).

Here, the evidence showed that approximately four years before the attempted armed robbery in this case, Dennard and two other males stopped their car beside a woman in a store parking lot and attempted to steal her purse. As she struggled with one of the men who had gotten out of the car, an occupant of the car pointed a gun out the window, and when bystanders intervened, a shot was fired. The would-be robbers sped away from the scene, but were later apprehended by police, who found Dennard in the front passenger

seat with two guns under his seat. Dennard was charged with criminal attempt to commit armed robbery and two counts of aggravated assault, and he pled guilty to the aggravated assault counts.

The evidence also showed that several years prior to that incident, Dennard committed a robbery at a jewelry store. Using a gun to threaten the store clerk, he stole two pieces of jewelry and later sold the stolen items for cash. After he was contacted by police, Dennard admitted that he had committed the robbery and pled guilty to robbery by force.

Although Dennard now argues that the prior offenses are not similar to the current charge, at the similar transaction hearing he conceded that there were similarities between the prior jewelry store robbery and this case. Regardless, we agree with the finding of the trial court that there is sufficient similarity between both prior offenses and the instant criminal attempt to commit armed robbery. All three of the incidents involved the use of a gun while forcibly attempting to steal property from a lone victim, and one of the prior offenses, like the current one, occurred in a parking lot. See *Pace v. State*, 272 Ga. App. 16, 16-17 (1) (611 SE2d 694) (2005). "The trial court also gave a proper limiting instruction regarding the jury's use of the evidence. Under these circumstances, the admission of the similar transaction[s] was clearly not an abuse of discretion." *Avila*, 289 Ga. App. at 411.

2. Dennard claims that the trial court erred in allowing hearsay testimony from one of the similar transaction witnesses. The claim is without merit.

A police lieutenant was called to testify about Dennard's prior robbery of the jewelry store. Defense counsel objected when the lieutenant testified that, while investigating a different robbery at the same store, the suspects said that they had previously met with Dennard. The trial court sustained defense counsel's hearsay objection, ruling that the lieutenant could not testify about what the suspects in a different crime told him, but that he could explain what he did after talking to them.

The lieutenant then testified that, after speaking with those suspects, he went and spoke with Dennard. At trial, Dennard raised no objection to that testimony, but now claims that it was inadmissible hearsay. "[B]y not making a hearsay objection at the time the testimony was introduced, [Dennard] has waived this issue for purposes of appeal." (Citation omitted.) *Wood v. State*, 304 Ga. App. 52, 52-53 (2) (695 SE2d 391) (2010).

Furthermore, even if the objection had not been waived, the testimony in question was not hearsay because the lieutenant did not testify about another person's out-of-court statements, and instead

merely explained that he went to talk to Dennard after having spoken with other persons. See *Howard v. State*, 305 Ga. App. 159, 161 (2) (a) (699 SE2d 114) (2010) (testimony considered hearsay only if witness testifies about another party's statement in order to prove its truth); OCGA § 24-3-2 (facts explaining conduct in legal investigation not hearsay).

3. Dennard claims that the trial court should have granted immunity to a jail inmate so he could testify as a defense witness without compromising his right against self-incrimination. However, "[u]nder Georgia law, the district attorney has discretion to grant immunity to witnesses for the state. [OCGA § 24-9-28 (a).] Our statutes provide no such discretion to the court and, further, make no provision for a grant of immunity to defense witnesses." *Dampier v. State*, 249 Ga. 299, 300 (290 SE2d 431) (1982). Accordingly, we find no error. See *House v. State*, 203 Ga. App. 55 (1) (416 SE2d 108) (1992) (no error in refusing to grant use immunity to defense witness).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 8, 2011 —
RECONSIDERATION DENIED DECEMBER 21, 2011.

*Bernadette C. Crucilla*, for appellant.
*Wayne G. Tillis, District Attorney, Sandra G. Matson, Dorothy V. Hull, Assistant District Attorneys*, for appellee.