## A00A0757. HALL v. THE STATE.
(534 SE2d 196)

BLACKBURN, Presiding Judge.

Charles B. Hall, Jr. appeals his conviction for armed robbery and aggravated assault, contending that he received ineffective assistance of counsel because his attorney failed to subpoena certain alibi witnesses. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that, on the morning of September 15, 1997, Hall and a compatriot approached Deana Mahones' car, posed as high school students, and asked for a ride to school. Mahones agreed to give them a ride, and Hall pulled a gun on her. Mahones then fled the car, which Hall stole and drove to Tuskegee, Alabama. There, Hall led police on a high-speed chase before he was stopped and arrested for the theft. Hall's former girlfriend testified that Hall described the theft to her and asked her to cash a forged check belonging to Mahones' boyfriend, which he had found in Mahones' vehicle. At trial, Mahones positively identified Hall as her assailant, and Hall was convicted for

one count of armed robbery and two counts of aggravated assault.

On appeal, Hall contends that his trial counsel provided ineffective assistance by failing to call his Alabama probation officer and his mother as alibi witnesses. Specifically, Hall argues that these witnesses would have provided testimony that he was in Alabama at the time that Mahones' car was stolen in Atlanta.

> The proper standard to be employed in determining enumerations concerning ineffective assistance of counsel, whether based upon a claim of right arising under federal or state law, is the two-pronged test announced in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). First, appellant must show that counsel's performance was deficient; second, he is required to show that he was prejudiced by counsel's deficient performance. There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy. As to the second prong, the question is whether there exists a reasonable probability that, but for his counsel's errors, the jury would have had a reasonable doubt regarding appellant's guilt, that is, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . Further, a trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous.

(Punctuation omitted.) *Cromartie v. State*, 241 Ga. App. 718 (1) (527 SE2d 228) (1999).

With regard to his probation officer, Hall maintains that he met with her on the morning of the robbery. Hall's trial counsel, however, testified that she contacted the Alabama department where Hall reported for probation and could not confirm his story. She further indicated that the information that she received would not serve as an alibi for Hall, and, accordingly, the probation officer was not subpoenaed.

With regard to Hall's mother, Hall contends that his mother could have provided telephone records that, on the day of the robbery, he called her collect at her place of business from Alabama. Hall, however, provided no evidence to confirm this, and his attorney, who had interviewed Hall's mother prior to the trial, could not remember Hall or his mother ever informing her of such a call. Moreover, Hall's testimony concerning the time of the call was equivocal at best, and, on cross-examination, he indicated that he actually

called his mother after his arrest rather than on the day of the robbery.

Hall's arguments regarding these alleged alibi witnesses fail both prongs of the *Strickland* standard. First, his trial counsel's decision not to call either of these witnesses, whose potential testimony was questionable and would likely not have supported an alibi defense, falls under the category of trial strategy, which this Court will not second-guess.

> The decision as to which defense witnesses will be called is a matter of trial strategy and tactics, and tactical errors do not constitute ineffective assistance of counsel. The fact that appellant and . . . present counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a finding that appellant received representation amounting to ineffective assistance of counsel.

(Punctuation omitted.) *McCant v. State*, 234 Ga. App. 433, 436 (3) (506 SE2d 917) (1998).

Second, Hall has failed to show that he was harmed by any alleged failure of his trial counsel. At the hearing on this issue, Hall provided no evidence, other than his bare assertions, that his mother or his probation officer could support his alibi argument. Therefore,

> [b]ecause [Hall] has not carried his burden of showing affirmatively by the record both that his lawyer's performance was deficient and that he was prejudiced by such deficiency, we must uphold the trial court's denial of [his] motion for a new trial on the ground of ineffective assistance of counsel.

*Moore v. State*, 242 Ga. App. 249, 253 (529 SE2d 381) (2000).

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED MAY 3, 2000.

*Carey & Dobson, Emerson Carey, Jr.,* for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Keith E. Adams, Assistant District Attorneys,* for appellee.