## A01A1132. HILL v. THE STATE.
(554 SE2d 579)

ELLINGTON, Judge.

Fred Hill, Jr. appeals from his conviction for violating the Georgia Controlled Substances Act, OCGA § 16-13-30, and the denial of

---

his motion for new trial. We find Hill's contentions on appeal to be without merit and, therefore, affirm.

The record shows that Hill was arrested following a routine strip search upon his return to a diversion center after participating in a work release program. During the search, Hill emptied his pockets and removed his clothing. Hill picked up a deodorant container from among the contents of his pockets. The officer conducting the search examined the container and discovered cocaine concealed inside. At trial, Hill argued that the cocaine belonged to another resident at the center, someone whose name he could not recall and whom he was unable to identify. The officer testified, however, that when he confronted Hill with the cocaine, Hill adamantly refused to name or describe the resident to whom it allegedly belonged.

1. On appeal, Hill argues that the State failed to establish a complete chain of custody for the cocaine. The State presented evidence, however, of a chain of custody from the discovery of the cocaine through its analysis at the Georgia Crime Laboratory. On appeal, Hill does not identify any specific gaps in the chain of custody, simply arguing that the chain was not established beyond a reasonable doubt.

> Where evidence of a fungible nature is introduced against a defendant, the State must show with reasonable certainty that the evidence is the same as that seized and that there has not been any tampering or substitution. The State, however, need not negate all possibility of tampering and need only establish reasonable assurance of the identity of the confiscated evidence.

(Citations and punctuation omitted.) *Hester v. State*, 187 Ga. App. 46, 47 (2) (369 SE2d 278) (1988). Further,

> [i]n proving chain of custody, the State is not required to show that the substance was guarded each minute it is in one's custody, and in the absence of a showing to the contrary, the chain is not thereby broken. In the absence of evidence of tampering with the substance the chain of custody has not been shown to be broken. When there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight.

(Citations and punctuation omitted.) *Roberts v. State*, 232 Ga. App. 745, 748 (6) (503 SE2d 614) (1998). Having reviewed the evidence presented, we find that the State presented sufficient evidence to demonstrate the chain of custody of the cocaine.

2. Hill contends the trial court erred during sentencing in consid-

ering certified copies of three prior felony convictions, because the certified copies had not been provided to him before trial and were admitted without sufficient authentication.

OCGA § 17-10-2 (a) provides that in determining punishment, the trial court shall hear in aggravation only the evidence that "the state has made known to the defendant prior to the defendant's trial." See also OCGA § 17-10-7 (c) (recidivist statute). The record shows that the State served defense counsel with a "Notice of Intent to Introduce Evidence in Aggravation of Punishment" on February 26, 1998, before the jury was sworn. During sentencing, the court admitted certified copies of three prior felony convictions. We conclude that the trial court did not err in admitting this evidence. "This Court has previously held that notice received prior to the jury's being sworn is sufficient to satisfy the requirement of the statute." (Citation and punctuation omitted.) *Davis v. State*, 246 Ga. App. 877, 879 (3) (542 SE2d 626) (2000). See also *Day v. State*, 188 Ga. App. 648, 650-651 (8) (374 SE2d 87) (1988) (the failure to attach a certified copy of a prior conviction to a pre-trial notice of aggravation does not render it inadmissible at the sentencing hearing). Further, the certified copies were admissible pursuant to OCGA § 24-7-20 without further authentication. Accordingly, there was no error.

3. Hill contends his trial counsel was ineffective for failing to find and interview an unidentified man that allegedly gave him the deodorant container with the hidden cocaine that was found in his possession. He also argues counsel failed to investigate the accuracy of a prior conviction allegedly used to sentence him as a recidivist.

> In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial to the defense. To meet the first prong of this test, a defendant must overcome the strong presumption that his counsel's performance fell within a wide range of reasonable professional conduct and his counsel's decisions were made in the exercise of reasonable professional judgment. The inquiry focuses on the reasonableness of counsel's conduct from counsel's perspective at the time of trial and under the circumstances of the case.

(Citations and punctuation omitted.) *Williams v. State*, 265 Ga. 681, 682 (1) (461 SE2d 530) (1995).

(a) Although Hill claims on appeal that counsel should have searched for the unidentified man who gave him the deodorant container, Hill stated before trial that he was satisfied with counsel's efforts in this case. He did not mention any dissatisfaction with coun-

sel's failure to search for this allegedly crucial defense witness. Further, at the motion for new trial hearing, counsel testified that Hill instructed him not to pursue the unidentified man who allegedly gave Hill the deodorant container, because Hill had demanded a speedy trial and the search would delay the trial. Counsel also testified that he had discussed with Hill the probability that, even if he was able to identify the man and bring him to trial as a witness, the man would deny ownership of the cocaine. Counsel testified that, based upon this concern, he decided to proceed with an "empty chair defense," in other words, telling the jury that the person who committed the crime is not in the courtroom. Counsel's strategic decision to proceed to trial without the testimony of the unidentified man, a decision made after consultation with Hill, is not subject to second-guessing by this Court. See *Hall v. State*, 243 Ga. App. 804, 806 (534 SE2d 196) (2000); *DeYoung v. State*, 268 Ga. 780, 786 (5) (493 SE2d 157) (1997). Further, this Court will not find ineffective assistance based upon the fact that Hill and his present counsel now disagree with this tactic. *Williams v. State*, 265 Ga. at 682 (1); *Hall v. State*, 243 Ga. App. at 806.

(b) Hill also argues that trial counsel was ineffective for failing to investigate a February 1981 habitual violator conviction allegedly considered during sentencing, claiming that counsel would have discovered that he had not been convicted of the felony. At the motion for new trial, however, Hill admitted that he did not know whether counsel, in fact, failed to investigate the accuracy of the certified conviction.

Further, as discussed in Division 2, supra, the record clearly demonstrates that the trial court considered only three prior felony convictions before sentencing Hill as a recidivist under OCGA § 17-10-7 (c). These convictions occurred in July 1981, March 1987, and January 1996. Hill does not challenge the accuracy of these three convictions. Under the circumstances, we find that counsel was not ineffective for failing to investigate the accuracy of a prior conviction that was not used at trial or for recidivist sentencing purposes.

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 31, 2001.

*Axam, Adams & Secret, Herbert Adams, Jr.*, for appellant.
*Daniel J. Porter, District Attorney, John S. Melvin, Assistant District Attorney*, for appellee.