## A01A1914. ANDERSON v. THE STATE.
### (558 SE2d 459)

MILLER, Judge.

Harry Anderson appeals from his convictions on four counts of selling cocaine, contending that the evidence was insufficient. We disagree and affirm.

Viewed in the light most favorable to the jury's verdict, the record shows that twice on June 27 and once each on July 7 and 8, 1998, a paid, professional confidential informant recorded, by means of an "undercover" videocamera in his car, purchases of cocaine from an individual later identified as Anderson. The videotapes were shown to the jury, in the process of which the informant identified Anderson each time he appeared.

During the playing of the first (i.e., June 27) tape, the informant testified, with respect to the first transaction with Anderson that day, that what the jury was seeing was Anderson approaching him, the informant asking Anderson for drugs and giving him $10, and Anderson giving the informant "a white piece of suspected crack cocaine" and then going "back" and giving the money to the person from whom he received the cocaine. The informant testified with respect to the second transaction that "[n]ow [Anderson is] handing me the piece of suspected crack cocaine." Both before and after the showing of the tapes, the informant identified Anderson in court. Anderson presented no evidence, but during pro se closing argument he admitted that "[t]he tape shows that I was at the car."[1]

As we recently stated in *Dunn v. State*,[2]

We evaluate [defendant's] challenge to the sufficiency of the evidence under the standard of *Jackson v. Virginia*,[3] construing the evidence in the light most favorable to the verdict. We do not weigh the evidence or determine the credibility of the witnesses. *As long as some competent evidence, even though contradicted, supports each element of the State's case, we must affirm the judgment on the jury's verdict.*[4]

The elements of the offense of "sale of cocaine" (as it was stated in the indictment herein) are simply (1) sale of (2) a controlled substance.[5] Cocaine is a controlled substance,[6] and the only issue Anderson argues on appeal is that the State "failed to establish the Appellant was indeed the individual who sold crack cocaine to [the informant]." The jury, however, viewed the videotapes; the informant testified, with respect to the first transaction on the first tape, that the tape showed him giving Anderson $10 and Anderson giving him

---

[1] *Hargroves v. State*, 179 Ga. 722, 725 (4) (177 SE 561) (1934) ("The prisoner's admission in open court, made as a part of his statement on the trial, may be treated by the jury as direct evidence as to the facts.") (citation omitted).

[2] 248 Ga. App. 223, 224 (546 SE2d 27) (2001).

[3] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] (Footnotes omitted; emphasis supplied.) Id.

[5] OCGA § 16-13-30 (b).

[6] OCGA §§ 16-13-21 (4); 16-13-26 (1) (D).

"suspected crack cocaine"; the informant identified Anderson in court as the individual on the tape; and Anderson admitted during closing argument that he appeared on the tape. Accordingly, there being competent evidence to support the element that Anderson was the individual who sold the cocaine in the first of the June 27 transactions, we must affirm the judgment on this count.[7]

The informant also testified he purchased cocaine from Anderson on three additional occasions. Having viewed the videotapes showing the sales of cocaine, we also affirm with respect to the other three counts of sale of cocaine. The tapes clearly show four sales by the same person.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 20, 2001.

*John W. Sherrer, Jr.*, for appellant.
Harry Anderson, *pro se.*
*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.

---

[7] *Dunn*, supra, 248 Ga. App. at 224.