## A02A1021. GRIFFIN v. THE STATE.
### (570 SE2d 646)

PHIPPS, Judge.

Terrill Griffin was indicted for violating the Georgia Controlled Substances Act by selling cocaine "together with another, and as a party to a crime." A jury found him guilty, and he appeals, challenging the sufficiency of the evidence. We affirm.

The evidence at trial included the testimony of a confidential informant, who stated that on March 28, 2001, she was working for a detective of the Calhoun Police Department and set out to make an undercover controlled buy of cocaine. Equipped with a hidden audiotape recorder, she drove to the residence of Walter Jones, where she encountered Griffin. She asked Griffin whether he had "anything." Griffin answered that he did not, but that Jones had "something." Jones motioned for the informant to come into the house. The informant testified that at that point, Griffin volunteered to "get the dope" for her, stating that he could make some money if she would allow him to go inside and get it. She handed Griffin $20, and Griffin met Jones at the door of the house, where Griffin gave Jones money and Jones gave Griffin a $20 piece of crack cocaine. Griffin returned to the informant and handed her the crack cocaine. The audiotape that recorded the incident was played for the jury.

Griffin testified that after he told the informant that he had no drugs, he walked away. He denied any involvement in the drug transaction.

We evaluate Griffin's challenge to the sufficiency of the evidence under the standard of *Jackson v. Virginia*,[1] construing the evidence in the light most favorable to the verdict.[2] We do not weigh the evidence or determine the credibility of the witnesses.[3] As long as some competent evidence, even though contradicted, supports each element of the State's case, we must affirm the judgment on the jury's verdict.[4] Further, a person can be convicted of a crime if he directly commits it or if he intentionally aids or abets in its commission.[5]

Here, the jury heard the testimony of the undercover informant, who described the sale and identified Griffin as the person who handed her crack cocaine in exchange for money. The jury also heard the tape that captured the drug transaction. Although Griffin points to what he claims are weaknesses or inconsistencies in the evidence,

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Anderson v. State*, 253 Ga. App. 129, 130 (558 SE2d 459) (2001).
[3] Id.
[4] Id.
[5] OCGA § 16-2-20.

we find that the evidence was sufficient for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.[6]
*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED AUGUST 29, 2002.

*Rodney L. Mathis*, for appellant.
*T. Joseph Campbell, District Attorney, Donald S. Smith, Assistant District Attorney*, for appellee.

