A03A1858. DEMPSEY v. THE STATE.
(593 SE2d 362)

MIKELL, Judge.

Wellyn Gerron Dempsey was convicted of selling cocaine and was sentenced to twenty years — five in prison and fifteen on probation. He appeals from the denial of his motion for new trial, challenging the sufficiency of the evidence, the admission of an in-court identification, the admission of the results of tests performed on the cocaine, and the denial of his motion for a mistrial. We affirm.

1. On appeal from a criminal conviction, the defendant no longer enjoys a presumption of innocence, and the appellate court views the evidence in the light most favorable to the verdict.[1] We do not weigh the evidence or determine witness credibility.[2] As long as there is some competent evidence, even though contradicted, from which a rational trier of fact could have found the defendant guilty beyond a reasonable doubt, we must affirm the judgment on the jury's verdict.[3]

Viewed in its proper light, the evidence in the case sub judice shows that on April 8, 1999, the Mid-South Narcotics Task Force executed an operation intended to net a specific target in Cordele. When the undercover officer met the confidential informant ("CI") at the predesignated location, a pool room, the CI introduced the officer to Dempsey, who was nicknamed "Knothead." Dempsey was not the target.

The target subsequently entered the premises. He produced two small bags, handed them to Dempsey, and told Dempsey to "try" the officer. The CI, the officer, and Dempsey went into the bathroom. The officer gave Dempsey two $20 bills, and Dempsey handed the officer

---

[1] *Pettus v. State*, 237 Ga. App. 143 (1) (514 SE2d 901) (1999).
[2] *Griffin v. State*, 257 Ga. App. 208 (570 SE2d 646) (2002).
[3] Id.; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

the two bags, the contents of which tested positive for cocaine. Dempsey denied selling the cocaine; rather, he testified that he and the other men snorted the first bag and that he did not know what happened to the second bag. Contrary to Dempsey's argument, his self-serving testimony did not warrant an acquittal; rather, the conflicts in the testimony were a matter of credibility for the jury to resolve. We find the evidence sufficient to uphold Dempsey's conviction of selling cocaine.[4]

2. In his second enumeration of error, Dempsey argues that the in-court identification was based on an impermissibly suggestive pretrial procedure. In this regard, the agent who monitored the drug transaction between the undercover officer and Dempsey testified that he found a photograph of an individual nicknamed "Knothead" and showed it to the officer, who identified the individual as Dempsey. When the agent was asked whether the man in the photograph was present in the courtroom, Dempsey objected on hearsay grounds; he did not argue that the use of a single photograph was impermissibly suggestive. Because a ground not asserted in the trial court cannot be raised for the first time on appeal, Dempsey has waived any challenge to the pretrial identification procedure.[5]

3. Dempsey next contends that the trial court erred in overruling his chain of custody objection to the admission of the results of the tests performed on the substance sold to the undercover officer. In this regard, Dempsey argues that the chain of custody was broken because the officer could not identify the bags as those he purchased from Dempsey, and the state crime lab scientist who retrieved the drugs from a locked box did not observe the officer place the drugs in the box. Dempsey argues that the state failed to exclude the possibility that other lab personnel may have tampered with the evidence.

> When the [s]tate seeks to introduce fungible material into evidence, it must show a chain of custody which is adequate to preserve the identity of the evidence. Hence, the burden is on the prosecution to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. However, the [s]tate need not negate all possibility of tampering, and need only establish reasonable assurance of the identity of the confiscated evidence.[6]

---

[4] See OCGA § 16-13-30 (b); *Griffin*, supra.

[5] *Horner v. State*, 257 Ga. App. 12, 16 (4) (570 SE2d 94) (2002); *Hawkins v. State*, 230 Ga. App. 627, 629 (2) (497 SE2d 386) (1998).

[6] (Citations and punctuation omitted.) *Hicks v. State*, 187 Ga. App. 671, 672 (371 SE2d 145) (1988).

"Further, in proving chain of custody, the [s]tate is not required to show that the substance was guarded each minute it is in one's custody. . . . When there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight."[7] Having reviewed the evidence, we find that the state properly demonstrated the chain of custody of the cocaine. Moreover, there was no evidence of tampering or substitution, and the fact that the officer who purchased the drugs had no way of knowing whether they were the same drugs introduced into evidence does not suggest any. Finally, the crime lab scientist testified that the evidence bag containing the drugs was sealed when he received it and that it showed no signs of tampering. This enumeration of error is meritless.

4. Lastly, Dempsey contends that the trial court erred in admitting his two prior convictions for selling cocaine. Dempsey testified on direct examination that he refused to sell drugs to the undercover officer, stating, three times, "I don't sell no dope." On cross-examination the prosecutor asked, "did I understand you correctly when you said you don't sell dope?" Dempsey replied "no." The prosecutor then asked Dempsey, "Never have?" Dempsey again replied "no." At that point, the prosecutor sought to introduce the prior convictions for impeachment. Dempsey objected. The trial court instructed the prosecutor to lay the foundation. She asked Dempsey, "You just said you've never sold dope?" He replied, "That's right." The state sought to tender a certified copy of his convictions, and the defense objected and moved for a mistrial. The trial court overruled the objection but did not expressly rule upon the motion for mistrial. Dempsey then admitted pleading guilty to selling cocaine.

Dempsey argues that his character was wrongly placed into evidence, mandating reversal of his conviction. We disagree. OCGA § 24-9-82 provides that "[a] witness may be impeached by disproving the facts testified to by him." That is precisely what the prosecutor did when she questioned Dempsey about his prior convictions after he testified that he had never sold drugs.[8] "It matters not that this questioning — and his resultant admission — reflected badly upon his character."[9] The trial court did not err in permitting the prosecutor to impeach Dempsey with evidence of his prior convictions.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 15, 2004.

*David E. Morgan III*, for appellant.

---

[7] (Citation omitted.) *Hill v. State*, 251 Ga. App. 437, 438 (1) (554 SE2d 579) (2001).

[8] *St. Romaine v. State*, 251 Ga. App. 212, 213 (1) (b) (554 SE2d 505) (2001).

[9] (Footnote omitted.) Id. at 214 (1) (b).

·*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.