A04A0761. FARMER v. THE STATE.

(603 SE2d 16)

ADAMS, Judge.

Anthony Bernard Farmer was convicted, following a jury trial, of armed robbery and possession of a firearm during the commission of a felony.[1] Farmer was sentenced to life imprisonment without parole under OCGA § 17-10-7 (c) on the armed robbery charge and to a consecutive five-year sentence on the possession of a firearm charge. Farmer appeals from the trial court's denial of his motion for new trial.

Construed in the light most favorable to the verdict, the record shows that on the night of April 9, 2001, a deputy from the Douglas County Sheriff's Office responded to an armed robbery call at a restaurant. The store manager and other witnesses described the perpetrator as a young male, between 19 and 25 years old, wearing baggy jeans, a red and black shirt and a scarf on his head. The manager, who appeared visibly shaken after the incident, told police that she had been in her office counting receipts when the man entered and produced a gun. He placed the weapon to her head, took the cash receipts, and fled.

While interviewing the other witnesses, police discovered that Adrian Massey, one of the restaurant employees, had opened the back door of the restaurant to allow a man known as "Beat Box" to commit the robbery. Massey repeated that story at trial. He testified that

---

[1] A third charge of possession of a firearm by a convicted felon was dismissed by nolle prosequi order.

after leaving the door open, he saw Farmer coming out of the restaurant kitchen and heard the restaurant manager scream that she had been robbed.

Police also interviewed Rodney Brown, a former restaurant employee, who stated that "Beat Box" planned to commit a robbery that night, although he believed that he was going to rob another business. He said that he dropped Massey and Farmer off and later picked Farmer up near the expressway. Brown's description of Farmer's clothing that night was similar to that given by the witnesses at the restaurant. Later, Brown took police to the house where "Beat Box" lived. After speaking to his mother, police identified Farmer as "Beat Box," and Farmer later admitted to police that he went by that name. Brown identified Farmer as "Beat Box" at trial. In addition, the restaurant manager identified Farmer at trial as the man who robbed her.

1. Farmer contends that the trial court erred in sentencing him to life without parole under OCGA § 17-10-7 (c) because the state failed to present sufficient competent evidence to show that Farmer had a third prior felony conviction. He asserts that the evidence offered by the state to establish the third prior felony conviction was hearsay and relied upon documents that were not properly authenticated.

The third felony conviction proffered by the state to support recidivist sentencing of Farmer was in the name of Eric Hobson, which the state contended was an alias used by Farmer. As evidence of that conviction, the state produced a certified copy of the accusation and final disposition from Fulton County. Those documents were admissible under OCGA § 24-7-20, without further authentication. *Hill v. State*, 251 Ga. App. 437, 439 (2) (554 SE2d 579) (2001). The accusation reflects that the defendant's name was "Eric Hobson" and bears several reference numbers, including the number "990481096." Upon receipt of this evidence, the trial court postponed sentencing to allow both sides to gather evidence of whether Farmer had entered a plea under the name of Eric Hobson.

At the subsequent hearing, the state presented a comparison between the fingerprints of Eric Hobson and Farmer. But the investigators who prepared the document were unavailable to testify, and the trial court sustained Farmer's hearsay objection to the comparison report. The state also produced book-in photographs stemming from the prior conviction, which a police officer testified were obtained from the City of Atlanta Police Department Pretrial Detention Center. These photographs also reference Complaint No. 990481096 and bear the name Eric Hobson. The trial court allowed the photographs into evidence over Farmer's objections that the documents were hearsay and that the state had not properly authenticated

them. The trial court then reviewed the photographs from the Eric Hobson conviction and determined that Farmer was the man in the photos. Thus, the trial court concluded that the state had proved that Farmer had three prior felony convictions.

"[T]he quantum of evidence required to sufficiently identify the photograph is a matter within the sound discretion of the trial court, and the trial court's decision will not be overturned absent an abuse of discretion." (Footnote omitted.) *Pless v. State*, 247 Ga. App. 786, 787 (2) (545 SE2d 340) (2001). While the better practice certainly would have been for the state to obtain a separate certification of the book-in photographs pursuant to OCGA § 24-7-20, we cannot say, given the matching name and number on the certified accusation, that the trial court abused its discretion in admitting the photographs as properly authenticated. Nor do we believe that the trial court erred in overruling Farmer's hearsay objection as the trial court relied upon his own knowledge of Farmer in concluding that he was the man depicted in the authenticated book-in photographs. See also *Bess v. State*, 254 Ga. App. 80, 83 (2) (561 SE2d 209) (2002).

2. Farmer next contends that OCGA § 17-10-7 (c) should not have been applied in this case because the language of the statute specifically excludes its application in capital cases. He asserts that armed robbery is still considered a capital felony in conjunction with OCGA §§ 17-7-170 and 17-10-30, citing *Simmons v. State*, 149 Ga. App. 830-831 (1) (256 SE2d 79) (1979), and *Letbedder v. State*, 129 Ga. App. 196, 199 (2) (199 SE2d 270) (1973). Thus, he argues that OCGA § 17-10-7 does not apply to Farmer's armed robbery count.

Even if armed robbery is considered a capital offense for the purposes of certain Georgia statutes, it is not excluded from the provisions of OCGA § 17-10-7 (c). To the contrary, the armed robbery statute specifically provides that a person convicted of armed robbery "shall . . . be subject to the sentencing and punishment provisions of . . . [OCGA §] 17-10-7." OCGA § 16-8-41 (d). This expresses the legislature's clear intent that an individual convicted of armed robbery may be subject to recidivist sentencing in appropriate cases. It is well established in this state that "[f]or purposes of statutory interpretation, a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent." *Vines v. State*, 269 Ga. 438, 440 (499 SE2d 630) (1998). The armed robbery statute is the more specific statute as it defines the appropriate punishment for a conviction of that crime, and it prevails over the more general recidivism statute.

Moreover, Farmer's argument overlooks a long line of cases holding that, although OCGA § 17-10-7 specifically excludes capital felonies,

for the purpose of imposition of punishment — armed robbery is not a capital felony. *Collins v. State,* 239 Ga. 400, 402 (236 SE2d 759) [(1977)]. The general recidivist statute includes — for purpose of punishment — the offense of armed robbery. *Davis v. State,* 159 Ga. App. 356, 361 (4) (b) (283 SE2d 286) (1981). Under the authority of *Collins* and *Davis,* this court has held if death is not a possible sentence, insofar as punishment is concerned, the offense cannot be capital, and a defendant charged with armed robbery may be indicted as a recidivist.

(Citations and punctuation omitted.) *Getty v. State,* 207 Ga. App. 736, 737-738 (429 SE2d 100) (1993).

3. Farmer argues in the alternative that if armed robbery is subject to the provisions of OCGA § 17-10-7 (c), then the trial court erred in failing to conduct a sentencing hearing before the jury, which he asserts is required under OCGA § 17-10-2 (c). This argument is also without merit. A defendant has no right to be sentenced before a jury where the sentence of life without parole is mandatory under the recidivism statute. *Shields v. State,* 264 Ga. App. 232, 238-239 (5) (590 SE2d 217) (2003).

4. Farmer also asserts that the trial court erred by allowing the state to submit testimony that the restaurant manager had agreed to take a polygraph test. He asserts that this was an improper attempt by the state to bolster the manager's testimony. The record shows, however, that Farmer's attorney failed to object to this testimony, and thus he has waived any right to argue the matter on appeal. See *Moore v. State,* 246 Ga. App. 163, 166 (5) (539 SE2d 851) (2000).

Even if the matter were properly preserved for our review, no grounds for reversal exists. Although a police investigator testified that the manager had agreed to take a polygraph test, Farmer's trial counsel elicited testimony from him on cross-examination that the test was never administered. "[N]ot every reference to a polygraph requires reversal." (Citation omitted.) *Allen v. State,* 210 Ga. App. 447, 449 (3) (436 SE2d 559) (1993). "The mere fact that the jury was apprised that a lie detector test was taken is not necessarily prejudicial if no inference as to the result is raised." (Footnote omitted.) *Hayes v. State,* 244 Ga. App. 12, 15 (4) (534 SE2d 577) (2000). Here, no polygraph was even administered, and thus no inference as to the results of any polygraph test could have been raised. Accordingly, we find no error.

5. Farmer next asserts that he received ineffective assistance of counsel because his trial counsel failed to properly preserve the errors noted above. We note that Farmer's trial attorney did properly

preserve at least some of the errors he asserts on appeal. Nevertheless, we find that Farmer cannot demonstrate that any purported failure by his counsel resulted in prejudice to him. Thus, he cannot meet the requirements of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) for showing ineffective assistance of counsel.

*Judgment affirmed. Eldridge, J., concurs. Ruffin, P. J., concurs in judgment only.*

DECIDED JUNE 25, 2004 —
RECONSIDERATION DENIED JULY 30, 2004 — 

*Lee W. Fitzpatrick,* for appellant.
Anthony B. Farmer, *pro se.*
*David McDade, District Attorney, Mark G. Hatton, Assistant District Attorney,* for appellee.