### A11A0120. ESPINOSA v. THE STATE.
(711 SE2d 425)

MILLER, Presiding Judge.

Following a jury trial, Kamal Hussein Espinosa was convicted of trafficking in cocaine (OCGA § 16-13-31 (a) (1)) and possession of marijuana with intent to distribute (OCGA § 16-13-30 (j) (1)). The trial court denied his motion for new trial. On appeal,[1] Espinosa contends (i) that the trial court erred in admitting similar transaction evidence and (ii) that his trial counsel was ineffective for failing to interview a key witness to rebut the similar transaction evidence. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the trial evidence shows that officers of the Carrollton Police Department launched a drug investigation, in which Espinosa was a suspect. On June 30, 2006, the officers conducted surveillance of Espinosa. An officer observed and followed Espinosa as he departed from his residence at the Magnolia Lakes Apartments, traveled to the Northridge Apartment complex, and entered an apartment at the

---

[33] See id. at 604; *Pye*, supra.

[1] Espinosa filed a notice of appeal from the denial of his original motion for new trial on April 10, 2009. He contends that upon later realizing that his original motion was untimely, he filed an out-of-time motion for new trial. The trial court denied the out-of-time motion for new trial on its merits. "Where . . . a party obtains permission from the trial court to file an out-of-time motion for new trial and the trial court then denies the motion on its merits, a party is entitled to file a direct appeal in which the appellate court addresses the merits of the appeal from the denial of the out-of-time motion for new trial." (Citations and punctuation omitted.) *Washington v. State*, 276 Ga. 655, 656 (1) (581 SE2d 518) (2003). The previously filed notice of appeal shall be deemed as premature, becoming effective upon entry of the order denying the out-of-time motion for new trial. See *High v. State*, 282 Ga. 244, n. 1 (647 SE2d 270) (2007); *Livingston v. State*, 221 Ga. App. 563, 563-568 (1) (472 SE2d 317) (1996) (treating a premature notice of appeal as effectively filed upon entry of the order appealed).

complex. Shortly thereafter, the officer noticed a steady stream of individuals entering and exiting the apartment. The officer testified that such high traffic activity was typical of a drug house operation. The officer continued to observe as Espinosa exited the apartment, approached a vehicle in the parking lot, and engaged in a suspected transaction with the vehicle occupants. The officer described that Espinosa reached his hand inside the passenger side window of the vehicle, pulled his hand back out, and placed his hand in his pocket.

Espinosa later left the apartment complex in a vehicle driven by another individual. The officers initiated a traffic stop of that vehicle. During the stop, the officers smelled the strong odor of green and burnt marijuana. Espinosa was taken into custody based upon an active arrest warrant. During a search incident to his arrest, the officers seized $3,035 in cash from Espinosa's person.

The officers obtained search warrants for both Espinosa's residence and the apartment at the Northridge Apartment complex. During the execution of the search warrant at Espinosa's residence, the officers found several plastic baggies of the type commonly used for drug packaging. During the search of the apartment, the officers seized multiple bags of marijuana, powder and crack cocaine, ecstacy, a large amount of currency, a cell phone, digital scales, and plastic baggies commonly used for drug packaging and sales. The recovered substances tested positive as being marijuana and cocaine. The cocaine taken from two of the bags had a net weight of approximately 74.70 grams, with a purity of approximately 86.7 percent and 75 percent, respectively. The cocaine taken from another bag weighed approximately 226 grams, with a purity of approximately 54.2 percent.

The State also presented evidence of two similar transactions involving Espinosa. The first similar transaction occurred on or about June 23, 2006, approximately one week prior to Espinosa's arrest. Officers were called to Espinosa's residence to investigate the report of an armed robbery. Espinosa informed the officers that he had been robbed at gunpoint inside his apartment and that the perpetrators had stolen two video game systems and a watch. He further advised that the perpetrators fled through a grassy area, climbed a fence, and ran through the woodline behind the apartment. When the officers searched the area, they found a small bag of suspected cocaine lying in proximity to Espinosa's watch. The officers also retrieved a garbage bag containing Espinosa's video game systems and a bag of suspected marijuana. Thereafter, Espinosa became uncooperative in the investigation of the armed robbery incident.

The second similar transaction occurred on April 5, 2007. While officers of the Carroll County Sheriff's Office were conducting a road

checkpoint, they encountered a vehicle driven by Kelvin Hill and occupied by Espinosa as a passenger. A deputy smelled the odor of marijuana coming from inside the vehicle, and Espinosa and Hill appeared to be nervous. The deputy asked them to step out of the vehicle; rather than comply, the vehicle sped away, leading the deputies on a brief chase. During the chase, a deputy observed packages being thrown out of the passenger window. The deputies apprehended Espinosa and Hill shortly thereafter and retrieved the packages, which contained marijuana weighing approximately 35.61 grams and cocaine weighing approximately 58.75 grams.

1. Espinosa contends that the trial court erred in admitting the similar transaction evidence. However, he failed to preserve this issue for appeal.

> Although [Espinosa] opposed the admission of the similar transaction evidence during a pretrial hearing, he did not raise any objection at trial when testimony regarding the similar transaction was admitted. [Espinosa,] therefore, waived any objection to this evidence. The rule requiring a trial objection on similar transaction evidence is firm in Georgia jurisprudence, and we are bound to follow it. The matter was not preserved for appeal.

(Citations and punctuation omitted.) *Warner v. State*, 299 Ga. App. 56, 61-62 (4) (681 SE2d 624) (2009). See also *Shropshire v. State*, 223 Ga. App. 118, 119 (2) (476 SE2d 859) (1996).

2. Espinosa further argues that his trial counsel provided ineffective assistance by failing to interview and call Hill as a defense witness to rebut the similar transaction evidence.

"In order to succeed on a claim of ineffective assistance of counsel, [Espinosa] must show that counsel's performance was deficient and that, but for the deficient performance, there is a reasonable probability the outcome of the trial would have been different." (Citations and punctuation omitted.) *Parks v. State*, 304 Ga. App. 175, 180 (5) (695 SE2d 704) (2010). See also *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance[.]" *Hall v. State*, 243 Ga. App. 804, 805 (534 SE2d 196) (2000). Trial counsel's actions that are considered to be sound trial strategy afford no basis for a finding of ineffective assistance. Id. Espinosa has failed to meet the requisite burden of establishing his claim in this case.

At the motion for new trial hearing, Hill testified that if he had been called as a trial witness, he would have stated that Espinosa did not have any drugs in the vehicle and did not throw anything out of

the window during the police chase. Hill, however, was impeached with testimony that he had previously given at a plea hearing, indicating that he did not see anything being thrown out of the window since he had focused his eyes on the road while driving.

Trial counsel testified that he and Espinosa had discussed calling defense witnesses, but that he made a strategic decision not to do so in order to minimize the effect of the similar transaction evidence and to avoid reinforcing those allegations for which Espinosa was not on trial.

"The decision on which defense witnesses will be called is a matter of trial strategy and tactics and does not usually constitute ineffective assistance of counsel." (Citation omitted.) *Crawford v. State*, 302 Ga. App. 782, 784 (2) (691 SE2d 660) (2010). Hill's purported testimony was questionable, and trial counsel's tactical decision not to call him as a defense witness was not unreasonable. See id. at 784-785 (2); *Hall*, supra, 243 Ga. App. at 805-806. "The fact that [Espinosa] and present counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a finding that [Espinosa] received representation amounting to ineffective assistance of counsel." (Citation and punctuation omitted.) *Hall*, supra, 243 Ga. App. at 806.

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED JUNE 14, 2011.

*C. Samuel Rael*, for appellant.
*Peter J. Skandalakis, District Attorney, David P. Taylor, Assistant District Attorney*, for appellee.