McFadden, Presiding Judge, dissenting.
Because the evidence is legally insufficient to support McKie's conviction for possession of a firearm by a convicted felon, I respectfully dissent. A guilty plea was the only evidence the state introduced that McKie was a convicted felon. While this plea was circumstantial evidence of a conviction, it does not exclude "every other reasonable hypothesis." OCGA § 24-14-6. And closing arguments are not evidence. So McKie's conviction must be reversed.
1. Guilty plea.
The only evidence the state introduced relevant to the issue of whether McKie was a convicted felon is a copy of a document charging McKie with forgery in the first degree. The document shows McKie's signature affirming that he "waiv[ed] copy of the indictment, list of witnesses, formal arraignment and plead[ed] X Guilty." McKie's attorney and the assistant district attorney signed the document below McKie's signature.
While the document is evidence of a guilty plea, it is not direct evidence that McKie was ever actually convicted. See OCGA § 16-1-3(4) (" 'Conviction' includes a final judgment of conviction entered ... upon a plea of guilty."). Before a court can accept a guilty plea and enter a final judgment of conviction upon it, the court must make numerous inquiries and determinations on the record. See Uniform Superior Court Rule 33.8 (before accepting a guilty plea, a court should, among other things, determine that the defendant understands the nature of the charges; inform the defendant of the multiple *357 rights being waived, including the right to a jury trial, the presumption of innocence, and the right not to incriminate oneself; and inform the defendant of the terms of any negotiated plea, as well as the maximum possible sentence and the mandatory minimum sentence). Moreover, "[a]t any time before judgment is pronounced, the accused person may withdraw the plea of 'guilty' and plead 'not guilty.' " OCGA § 17-7-93 (b). Thus, the document introduced by the state shows only a plea of guilty; it does not prove that a judgment of conviction was ever entered upon that plea. Compare Taylor v. State , 249 Ga. App. 538, 540-41 (2), 548 S.E.2d 662 (2001) (Alabama court's "case action summary" was sufficient proof of defendant's status as convicted felon because the document reflected "entry of a final judgment of conviction upon the defendant's guilty plea").
Although the document is circumstantial evidence of McKie's status as a convicted felon, it does not exclude every other reasonable hypothesis. Under OCGA § 24-14-6, "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." As McKie argues, one reasonable hypothesis inconsistent with the purported fact that McKie is a convicted felon is that he withdrew his guilty plea as he was statutorily entitled to do under OCGA § 17-7-93 (b). Another reasonable hypothesis is that McKie was sentenced as a first offender and discharged without an adjudication of guilt, which would not support a conviction for possession of a firearm by a convicted felon. See OCGA § 16-11-131 (f). "[T]he burden to present evidence excluding every other reasonable hypothesis save that of guilt is upon the state." Cornish v. State , 187 Ga. App. 140, 142, 369 S.E.2d 515 (1988).
While the determination of whether the circumstances are sufficient to exclude every reasonable hypothesis except that of defendant's guilt is usually made by the jury and while we must review the evidence in the light most favorable
to the jury verdict, we must not be blinded by that verdict when a reasonable hypothesis of innocence appears from the evidence or lack thereof, and may declare such as a matter of law.
Krull v. State , 211 Ga. App. 37, 39, 438 S.E.2d 152 (1993) (citation omitted).
2. Closing argument.
Contrary to the majority's position, defense counsel's statements in closing argument did not cure the insufficiency of the evidence. The majority acknowledges that statements made during closing argument are not evidence but nonetheless finds that here, statements made during closing argument were some evidence of an essential element of the crime.
But as the trial court correctly instructed the jury, "[e]vidence does not include ... closing remarks of the attorneys...." See 2 Ga. Jury Instructions-Criminal § 1.30.10. So the jury was not authorized to treat statements made in closing argument as proof of facts.
The majority holds that a party's concessions during closing argument can "render[ ] that fact no longer in dispute" and thereby make up for the opposing party's failure to introduce evidence of that fact. But the authority on which the majority relies for that proposition does not support it.
Sufficiency of the evidence was not at issue in Bonilla v. State , 204 Ga. App. 424, 424 (1), 419 S.E.2d 495 (1992). There we rejected Bonilla's argument that "the trial court erred ... by denying his counsel's request to play [a] videotape taken at [a] store during the robbery in his counsel's closing argument." Id. We noted that Bonilla "admitted in closing argument at trial and by way of an admission in judicio in his appellate brief ... that the person appearing in the videotape which was taken after the robbery was appellant." Id. So any such admission had nothing to do with the sufficiency of the evidence to support Bonilla's conviction. Moreover, Bonilla is physical precedent only as to the division of the opinion that the majority cites.
In Anderson v. State , 253 Ga. App. 129, 558 S.E.2d 459 (2001), the defendant did challenge the sufficiency of the evidence of his identity as the person who sold crack *358 cocaine to an informant. We affirmed the judgment of conviction, noting that
[t]he jury ... viewed the videotapes [of the sales to the confidential informant]; the informant testified, with respect to the first transaction on the first tape, that the tape showed
him giving [the defendant] $ 10 and [the defendant] giving him "suspected crack cocaine"; the informant identified [the defendant] in court as the individual on the tape; and [the defendant] admitted during closing argument that he appeared on the tape.
Id. at 130-131, 558 S.E.2d 459. Our reference to the admission in closing argument was superfluous because there was sufficient evidence to support the conviction absent any such admission.
Likewise, in Kovacs v. State , 227 Ga. App. 870, 490 S.E.2d 539 (1997), the defendant challenged the sufficiency of the evidence that he had notice that his license had been suspended, an element of the crime of driving on a suspended license. We observed that "Kovacs himself testified at trial that he told [the arresting officer] that his license had been suspended. Kovacs admitted at trial that he knew he had a suspended license but broke the law and drove. Indeed, during closing argument, Kovacs' attorney admitted Kovacs 'was driving on a suspended license, and you may find him guilty of that.' " Id. at 872 (2), 490 S.E.2d 539. So as in Anderson , supra, our reference to the admission in closing argument was superfluous because there was sufficient evidence to support the conviction absent any such admission.
Finally, the majority cites Michael v. State , 335 Ga. App. 579, 782 S.E.2d 479 (2016), where we wrote,
To the extent that Michael challenges her conviction for tampering with evidence ( OCGA § 16-10-94 (a) ), her admissions during her police interview and the trial testimony of the car repairman clearly were sufficient to support her conviction on this count. Moreover, the defense conceded during closing argument that Michael was guilty of hit and run and tampering with evidence.
Id. at 584 (1) n.7, 782 S.E.2d 479. So again, the concession during closing argument was superfluous to the sufficiency of the evidence to support the conviction.
Closing arguments by the attorneys are not evidence. See Smith v. State , 282 Ga. 388, 389-390 (2), 651 S.E.2d 28 (2007). So defense counsel's statements in closing argument are not proof that McKie was a convicted felon.
Because the state failed to prove that McKie was a convicted felon, we must reverse his conviction for possession of a firearm by a convicted felon. See Brantleyv. State , 272 Ga. 892, 892, 536 S.E.2d 509 (2000) ("Because conviction of a prior felony was a necessary element of the crime of firearm possession as proscribed in OCGA § 16-11-131, we conclude that the insufficiency in the proof of this element demands entry of a judgment of acquittal as to that offense."). Compare Walker v. State , 281 Ga. 157, 165 (10) (c), 635 S.E.2d 740 (2006) (evidence was sufficient where state introduced indictment, guilty plea, and sentence for the felony offense of theft by taking); Harris v. State , 283 Ga. App. 374, 377 (1) (b), 641 S.E.2d 619 (2007) (evidence was sufficient where state introduced certified copy of defendant's guilty plea and sentence).